DUPREE *vs.* THE MAYOR AND COUNCIL OF BRUNSWICK.

If a municipality has, under its charter, the power to remove any building in the city when, in the opinion of the mayor and council, it shall be necessary to insure against fire, it can do so only in cases of absolute necessity or in grave emergencies. The facts of this record show no necessity for removing a blacksmith-shop

building, though it may be necessary to remove the forge. It is directed that an injunction against removing the building be granted, conditional upon its not being used for a blacksmith-shop, to be dissolved instanter if the same be so used.

July 8, 1889.

Municipal corporations. Powers. Injunction. Practice. Before Judge GUSTIN. Glynn county. At chambers, March 29, 1889.

Reported in the decision.

F. H. HARRIS, for plaintiff.

CROVATT & WHITFIELD and COURTLAND SYMMES, by J. H. LUMPKIN, for defendants.

SIMMONS, Justice.

It appears from the record that Dupree was a blacksmith in the city of Brunswick, and that for the purpose of carrying on his business, he erected within the city limits, but not within the fire limits, a blacksmith-shop, and placed a forge therein. It was erected between a steam laundry and a grocery store. Before the building was completed and the forge erected, it appears that Dupree received notice from some of the officers of the corporation not to erect said blacksmith-shop at that place, on account of the danger of fire to the adjacent buildings. It seems that he paid no attention to this notice, but continued his work upon the building and forge; whereupon the mayor and council ordered the town marshal to remove the building and forge, because in their opinion it would greatly increase the risk of fire to the adjacent buildings. Dupree filed his petition to the superior court, and asked that the officers of the city government be enjoined from remov-

ing this building and forge, insisting that they had no power or authority in this summary manner to pass upon his rights and destroy his property without a judicial investigation. The trial judge refused the injunction, and the plaintiff excepted.

The mayor and council claim that they have the right to remove this building and forge, under section 51 of their charter, which is as follows:

"The said mayor and council shall have the authority and power to remove any forge, smith-shop or other structure within the city, where in their opinion it shall be necessary to insure against fire; and shall have the power to cause any stovepipe, or any other thing or matter that will endanger the city as to fire, to be removed or remedied, as their prudence shall dictate."

Without deciding whether the mayor and council have this great power conferred on them which they claim, or whether the legislature has power to confer it, we hold that if they have such power and can remove any building in the city when "in their opinion it shall be necessary to insure against fire," they can only do so in cases of absolute necessity, or in grave emergencies, when the removal is necessary to prevent fires and destruction of other property by fire. Under the facts of this case as disclosed by the record, we think the order of the mayor and council to remove not only the forge but the building, went too far; that it was too sweeping in its terms. There was no necessity, as far as we can see, to remove the building at all. As far as it was necessary for them to go, even under the power which they claim, was to remove the forge. The building itself, so far as we can see from the record, was harmless. It was the sparks emitted from the forge which were dangerous to other buildings. If the forge were removed, there would be no such danger from fire. What then was the necessity of removing the building? What was the necessity for destroying

this plaintiff's property, which he alleges cost him $300? None that we can see. We think, therefore, that the trial judge should have granted a part of the prayer of the petitioner, and should have enjoined the mayor and council from removing the building, on condition that the plaintiff would not use the same for a blacksmith-shop, and would not run his forge therein. We therefore direct that the injunction be granted restraining them from removing this building, on condition that the plaintiff will not use the same for a blacksmith-shop, and that if he should do so, the injunction be dissolved instanter.

Judgment reversed.