### BASHINSKI *v.* THE STATE.

1. Where guilty knowledge is the gist of the offense, anything going to show the existence of such knowledge is admissible regardless of the date when the same was acquired.
2. In a prosecution for renting a room to be used for gaming purposes, it was competent to prove, that more than two years before the finding of the indictment the tenant was well known as a gambler, and that the apartment had a reputation as a gaming-house.
3. Considering the occupation of the tenant, the long-established reputation of the room, the means of access thereto through the defendant's bar, and the other circumstances proved on the trial, the verdict was demanded. None of the assignments of error were as to matters which vitiated the trial, or could have changed the result.

Argued February 21,—Decided March 2, 1905.

Indictment for renting room for gaming. Before Judge Hodges. City court of Macon. January 28, 1905.

The indictment charged Isaac Bashinski, in one count, with keeping a gaming-house, and in another with renting, on November 1, 1904, a room to be used for gaming purposes. The evidence showed that he had long controlled a building in which was a restaurant and bar, connected with which were two rooms reached by going through the bar and thence up a flight of stairs. They were once rented for $25 a month; afterwards at $40. When the defendant rented the rooms it was stated that they should be used for bedrooms. The occupants, however, used the rooms for years for gaming purposes. The defendant did not frequent the place, but had been seen in the room occasionally more than two years before the finding of the indictment. In the room were poker tables, faro tables, and other gambling paraphernalia. There was a change of tenants, whether before

or after November 1, 1902, is left in doubt; but in July or August, 1904, the room was again rented to one who testified that he "had no other occupation than that of gambling;" that he had pleaded guilty to gambling in this community ever since 1872, sometimes once a year and sometimes twice a year; there has been one or two years that he escaped. Whisky and food were ordered from the bar and restaurant and sent up to the room by waiters in employment of the defendant. There was no proof that the defendant had been in the room within two years before the finding of the indictment. There was proof of a charter to a club, but evidence that it had not been organized. The witness testified, "I don't know who runs the room. . . It was run kinder as a club, another party and myself. Manny Engal was the other party. I made the contract with Bashinski, and I told Engal he could have the house. I agreed to pay Mr. Bashinski $40 for that room." Witness has seen the defendant in the room, but not "since I moved in. I would see him most of the time down stairs, when I would pass and repass. When I rented, . . ' "I told him that I was going to sleep in it. I didn't rent it particularly for a bedroom." In his statement the defendant claimed that he rented the room for a bedroom; that he had not been in there within two years; that many people go through his house to the private room, and he doesn't know what they are doing. "I only rented it for a bedroom; but if I wanted to rent it for a club room, I would have the right to do so." He was found guilty on the second count. He moved for a new trial on several grounds, assigning error upon charges of the court, and upon the admission of evidence as to the reputation of the room and tenants more than two years before the indictment was found, etc. The motion was overruled, and he excepted.

*John R. Cooper*, for plaintiff in error.

*William Brunson, solicitor-general*, and *Roland Ellis*, contra.

LAMAR, J. (After stating the foregoing facts.) One charged with a crime can not be convicted on suspicion, or by general reputation, or by proof that he is in the habit of committing offenses similar to that for which he is being tried. Hence, evidence of distinct transactions within or without the statute of limitations is inadmissible. Civil Code, § 5159; *Erwin* v. *State*, 121 *Ga.* 580. But where guilty knowledge is the gist of the offense, anything

going to show the existence of such knowledge is admissible. If the mental state was operative within the statute of limitations when the defendant did the prohibited act, it makes no difference what was the date or the source of his knowledge. If he had long known that the seclusion and the means of access adapted the apartment for gaming purposes, or that it had acquired a reputation as a gaming-room, or if the tenant had long been known as a gambler, these facts could be considered by the jury as well as if the defendant had acquired such knowledge on the date the contract of rental was made. They were for consideration, not for the purpose of convicting him of an offense barred by the statute of limitations, nor of showing that because he once rented for an illegal purpose he would do so again, but to illustrate the question as to whether, when he rented within the two years, he knew, by reason of what had gone before, that the room was to be used as a place for playing and betting. In the nature of things the State can not prove that such knowledge is positive or absolute. If the circumstances were sufficient to satisfy a man of ordinary intelligence and caution, or to give him good reason to expect, that the room would be put to the illegal use, the requirement of the statute would be met. Penal Code, § 398. Where the known occupation of the tenant and the established reputation of the room coincided as here, the jury would have stultified themselves had they found any other verdict than that rendered. *Rivers* v. *State*, 118 *Ga*. 42. None of the assignments of error complained of matters which would have vitiated the trial. If there was any inaccuracy or incompleteness in the charge as to who was the judge of the law, the same was harmless. The verdict was demanded. The judgment refusing a new trial is,

> *Affirmed. All the Justices concur.*