29918.   FOSTER *v.* MAYOR AND CITY COUNCIL OF CARROLLTON.

SUTTON, J.   1. The violation of a criminal statute does not necessarily constitute a nuisance. *Dean* v. *State,* 151 *Ga.* 371, 375 (106 S. E. 792, 40 A. L. R. 1132) ; *Warren Co.* v. *Dickson,* 185 *Ga.* 481, 485 (2) (195 S. E. 568).

2. Although by the Code, § 58-110, "Any place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law, shall be deemed a nuisance, and the same may be abated or enjoined as such, as now provided by law," and under the Code, § 72-401, the mayor and council of a city having a population of less than 20,000 shall have jurisdiction to hear and determine the question of a nuisance alleged to exist in such city and, if found to exist, to order the abatement of the nuisance, still a statutory provision declaring that any place where intoxicating liquor is sold, kept, or bartered in violation of law is a nuisance, and authorizing its abatement by the proper authorities, contemplates some continuity of such violation of law, and does not mean that a single instance of sale, possession, or barter would come within the purview of such statutory declaration as to an existing nuisance.   30 Am. Jur. 521, § 514.

3. The evidence in the present case did not authorize a finding that the defendant's operation of his place of business, a café, constituted a nuisance.   While there was evidence that on three or four occasions a police officer found whisky on the premises, less than two quarts on each occasion, and that once when the officer had found three one-half pints of whisky and asked the defendant, "Is that all you got?" the defendant replied that he had let a named person "have some," the answer did not amount to an admission that the defendant had *sold* intoxicating liquor, but was entirely consistent with his testimony on the trial of the case before the mayor and council of the City of Carrollton that he had never sold intoxicating liquor on the premises of the café, and the answer did not establish any guilt of selling intoxicating liquor, constituting a nuisance, to the exclusion of every other reasonable hypothesis.   Even if the answer of the defendant could be construed as an admission that on one occasion he had sold whisky to a named person, such act would not, under the principles of law above announced, estab-

lish that he was conducting a "blind tiger" and that a public nuisance existed in the operation of the café or place of business of the defendant. Accordingly, the superior court erred in refusing to sanction the certiorari sought by the defendant to review the order of the mayor and council of the City of Carrollton declaring the operation of the place of business of the defendant to be a nuisance and directing that it be vacated within twenty-four hours.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED JANUARY 27, 1943.

*Willis Smith,* for plaintiff in error. *Boykin & Boykin,* contra.