## Gibbs v. Wyatt, Solicitor-General.

Jenkins, Presiding Justice. 1. "The keeping or maintaining of any place or resort where intoxicating liquor is sold or kept for sale in a dry county, in violation of the provisions of the Code, §§ 58-101 to 58-109, inclusive, as amended by the act of 1938 (Ga. L. Ex. Sess. 1937-38, pp. 103, 104, 123; Code Supp., § 58-124), is a public, common nuisance, which may be abated by writ of injunction issued out of the superior court upon a bill filed by the attorney-general or the solicitor-general of the circuit, or by any citizen or citizens of such county." *Ogletree* v. *Atkinson*, 195 *Ga.* 32 (2) (22 S. E. 2d, 783).

(*a*) "It is not the act of possessing liquor or selling liquor that the above statutes declare to be common nuisances, but it is the structure maintained and used for the purpose of keeping or selling therein intoxicating liquors that is declared to be a common nuisance." *Lokey* v. *Davis*, 194 *Ga.* 175 (21 S. E. 2d, 71).

2. The evidence was sufficient to authorize a finding that the establishment known as "Gibbs Place" was maintained and used for the purpose of selling therein intoxicating liquors.

(*a*) The evidence as to the circumstances of the alleged sale by the defendant of the business known as "Gibbs Place" was sufficient to authorize a finding that the business was not in fact sold, but that the defendant owned and operated it through his agent.

3. In an action to abate a nuisance maintained upon certain property, title to which was in the defendant's wife, the defendant will not be heard to complain of the possible effect of the order of the court upon the property rights of the wife, where the wife did not intervene to interpose any defense that she may have had. See *Ogletree* v. *Atkinson*, supra.

4. The order adjudging the defendant in contempt for having violated a previous court order prohibiting him from engaging in any business upon the premises here involved, and directing that the building in which

the business was conducted be padlocked until further order of the court, was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 15593. OCTOBER 8, 1946.

346

*Willis Smith,* for plaintiff in error.
*L. M. Wyatt, Solicitor-General,* contra.