Where, upon an interlocutory hearing on a petition to padlock a building as a common nuisance under the Code, § 58-109, the evidence showed that thirteen pints of whisky were found in the building, and other evidence was sufficient to authorize the trial judge to find that whisky was sold in the presence, and with the consent, of the *Page 709 
party operating the business therein, the interlocutory judgment, enjoining the operation of any business therein and directing the sheriff to padlock the building until the further order of the court, was authorized. See Davis v. Stark, 198 Ga. 223 (31 S.E.2d 592), and citations.
Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.
 No. 15952. OCTOBER 14, 1947.
L. M. Wyatt, as solicitor-general, filed a petition against W. L. Edgeworth to abate, as a common nuisance, an eating place operated by Edgeworth near the Chattahoochee River in Carroll County and known as "Bill's Fish Camp."
Upon the interlocutory hearing, there was evidence by a State revenue officer as follows: "I went there [Bill's Fish Camp] the latter part of March this year and I bought some liquor there. I bought one pint. I bought it from a young fellow that works in there waiting on the table, he delivered the liquor to us. I paid the cashier when I paid for the lunch. We had a fish supper there. . . The boy went and got me the liquor. He went over to Mr. Edgeworth and said something to him. . . There was two young men and young ladies sitting at a table seven or eight feet from us that had a bottle of whisky sitting on the table. They would take a drink occasionally while they were eating supper." Another witness testified: "I was there when this liquor was sold. . . A young fellow come over and asked me what we wanted. We told him [we would] like to have fish suppers. . . I says . . , `Has Bill got any liquor?' He says, `I think so.' This young man went to the old gentleman [Edgeworth] and said something to him and he motioned that way (indicating). That gentleman went back, didn't leave the room, and come back with a pint in a paper bag. . . We got through . . and asked the man what the damage was. They said $8, fish supper $1.50 [each], and pint of liquor $5. We paid it. . . Bill Edgeworth was sitting in there all that time." A Carroll County officer testified as follows: "I have never bought any whisky from Mr. Edgeworth at his place of business. I have found some liquor there. I found thirteen pints and it was the first of April this year. The liquor was located in a wall cabinet. . . Mr. Edgeworth was not there at the time I found it." *Page 710 
There was evidence as to the manner in which the place was operated and evidence pro and con as to its general reputation.
The trial judge granted an interlocutory order that the place be abated as a nuisance, enjoined the operation of any business therein, and directed that it be padlocked. To this order exceptions were taken.