NORRIS *v.* THE STATE OF GEORGIA *ex rel.*
WILLINGHAM, Solicitor-General.

No. 16369.   OCTOBER 13, 1948.

*Harris, Henson & Spence,* for plaintiff in error.

*Frank B. Willingham, Solicitor-General,* for defendant.

WYATT, Justice.  ■   It is urged by the defendant that the petition was subject to general demurrer, (1) because it was brought by the solicitor-general and not upon the application of a citizen or citizens of the county; and (2) because the petition alleged only one illegal sale of liquor.

By the Code, § 58-109 (Ga. L. 1915, Ex. Sess., p. 83), it is provided that any room or structure used for the unlawful manufacture, sale, keeping for sale, or other unlawful disposition, of liquors, and all shops, houses, or places where liquors are unlawfully sold or kept for sale are common nuisances and may be abated as such upon the complaint of the Attorney-General, or the solicitor-general of the circuit, or any citizen or citizens of the county.   There is patently no merit in the first contention urged by the defendant.

The petition is not subject to the second criticism made.   While the petition alleges only one illegal sale to a particular person, it

alleges that the defendant had obtained a Federal license as a retail liquor dealer, and alleged that the place of business is what is commonly known as a "blind tiger," where liquor is unlawfully sold and kept for sale. These allegations, together with the other allegations of the petition, are sufficient to set forth a cause of action, as will more fully appear from the rulings on the evidence.

■   Counsel for the defendant rely principally upon the case of *Foster* v. *Carrollton*, 68 *Ga. App.* 796 (24 S. E. 2d, 143), where the court said: "A statutory provision declaring that any place where intoxicating liquor is sold, kept, or bartered in violation of law is a nuisance, and authorizing its abatement by the proper authorities, contemplates some continuity of such violation of law, and does not mean that a single instance of sale, possession, or barter would come within the purview of such statutory declaration as to an existing nuisance." The *Foster* case, where there was evidence only of possession of less than two quarts of whisky on three or four occasions, and evidence which might possibly have been construed as an admission by the defendant of one sale, is in harmony with adjudications by this court; and if it not, it must yield to controlling decisions of this court.

This case is controlled by the full-bench decision of this court in *Lokey* v. *Davis*, 194 *Ga.* 175 (21 S. E. 2d, 69). There the proof showed only one illegal sale of whisky to an employee of the State Department of Revenue, and further showed that at a time previous to the sale this employee had tried to buy a pint of liquor from an employee of the defendant; that the defendant's employee stated "that he did not have any liquor, that things were so hot around there he could not let him have anything, and that he did not know him." This court upheld an order enjoining the defendant from continuing any further business in the premises. The language used by this court in the *Lokey* case is peculiarly applicable to the facts of this case. It was there said: "It is not the act of possessing liquor or selling liquor that the above statutes [Code, §§ 58-109, 58-110] declare to be common nuisances, but it is the structure maintained and used for the purpose of keeping or selling therein intoxicating liquors that is declared to be a common nuisance. While one isolated act of selling a pint of whisky in such structure, in the absence of any evidence or circumstances to indicate that the structure

was being used for the purpose of carrying on such business, would in our judgment be insufficient to authorize the grant of an interlocutory injunction, yet where as in the present case there is positive testimony, which is not contradicted, that there was one actual sale of liquor within the premises described, and that upon another occasion an employee assigned as a reason why he would not sell liquor at that time the fact that he did not know the person seeking to buy, and that conditions prevailing at the time made it dangerous, the judge was authorized to find from this evidence that the premises were being used continually for the purpose of keeping and selling whisky in violation of law. It is true that the defendant produced the testimony of a number of neighbors which establishes the fact that the business was conducted in an orderly and decent manner, and that these witnesses had no knowledge that liquor was being kept and sold there. This evidence, however, does not contradict the evidence produced by plaintiff, and it does not render the premises any less a nuisance. In *Gullatt* v. *State ex rel. Collins*, 169 *Ga.* 538 (4-b) (150 S. E. 825), it was said: 'The conduct of this place in an orderly manner and the attendance of the best people in the community, including both males and females, does not render such place any the less a gaming-house or a gaming-place.' "

It has now been definitely established by this court that, while a single transaction might not be sufficient to authorize abatement of a place of business as a common nuisance, in that the law contemplates some continuity of violation, yet evidence as to one illegal sale, coupled with corroborative circumstances indicating a continuity of such conduct, is sufficient to authorize the abatement of a place of business as a common nuisance. See *Bracewell* v. *Cook*, 192 *Ga.* 679 (16 S. E. 2d, 432) ; *Sprayberry* v. *Wyatt*, 203 *Ga.* 27 (45 S. E. 2d, 625) ; *Edgeworth* v. *Wyatt*, 202 *Ga.* 708 (44 S. E. 2d, 542) ; *Davis* v. *Stark*, 198 *Ga.* 223 (31 S. E. 2d, 592).

The Code, § 58-113, provides that in a trial "to abate or enjoin any common nuisance . . any application for an internal revenue special tax receipt of the United States, as required by the laws of the United States, or any internal revenue special tax receipt as required by said laws for retail or wholesale of spirituous, malt or intoxicating liquors in this State, shall be

prima facie evidence of guilt, and shall be sufficient to charge the burden of proof on the defendant in any such case." While, as held in *Allen* v. *State*, 11 *Ga. App.* 245 (75 S. E. 11), such prima facie evidence may be rebutted by other evidence, such as uncontradicted testimony to the effect "that the accused had not in fact sold any intoxicating liquors," the trial judge in the present case was amply authorized to find that such prima facie evidence had not been successfully rebutted. The defendant offered no evidence except affidavits as to his character and the reputation of his place of business, as before indicated, and his sworn answer. In view of the uncontradicted evidence showing the unlawful sale of whisky, after the application for and issuance of a retail liquor license, the trial judge was not bound to accept or believe the defendant's assertion that he did not buy the license "in order to sell whisky;" nor was the judge bound to accept his explanation of his reason for applying for the license.

Since the evidence showed an illegal sale of whisky, coupled with other circumstances, such as evidence showing that when the sale was made the defendant named over several brands of whisky from which the buyer might choose, and proof of an application for and issuance of a retail liquor license, in effect at the time of the sale and the bringing of the suit, the trial judge, in the exercise of his discretion, was amply authorized to find that the defendant's place of business was a common nuisance at the time the action was instituted, which was three days after the date of the illegal sale.

Notwithstanding our opinion that the trial judge was authorized to abate the defendant's place of business as a common nuisance, we are inclined to the opinion that the order of the judge was too broad in its terms. While the Code, § 58-109, defines as a common nuisance, subject to abatement, any "rooms or structures," or any houses, shops or places used for the unlawful sale of liquors, we do not think that, under a proper interpretation of the statute, an entire building could be abated as a nuisance, without some evidence tending to show, as in the case of *Pullen* v. *Meadors*, 196 *Ga.* 796 (27 S. E. 2d, 655), that different portions of the building were "operated as a unit; and that in such operation intoxicating liquors were kept and sold in violation of law." If we should give to the statute a literal interpretation,

it might lead to a construction whereby an entire building or structure might be abated as a nuisance, notwithstanding different persons operated different businesses in different portions of the building and only one such business was operated as a nuisance.

In the present case the undisputed evidence showed that the defendant's place of business, where he operated a cafe and tavern, occupied one portion of a building, separate and apart from his living quarters, where he and his family resided. All of the evidence as to illegal sale of whisky related solely to his place of business, there being no evidence as to a sale or location of whisky in his dwelling. In these circumstances, we think that the trial judge abused his discretion in passing so much of the order as would result in the padlocking of the defendant's home and the dispossession of his family.

The judgment is affirmed, with direction that the order be so modified as to eliminate from its operation the padlocking of that portion of the building occupied as a residence, and so as to allow the use and occupancy of that portion of the building as a dwelling.

*Judgment affirmed with direction. All the Justices concur, except Duckworth, C. J., and Candler, J., who concur in the judgment of affirmance, but dissent from the direction given, and Bell, J., absent on account of illness.*