## 18958. THORNTON *v.* FOREHAND, Solicitor-General, *et al.*

Submitted May 9, 1955—Decided June 14, 1955.

*R. D. Smith,* for plaintiff in error.

*W. J. Forehand, Solicitor-General,* contra.

MOBLEY, Justice. 1. Under the provisions of Code § 72-202, a public nuisance may be abated on information filed by the solicitor-general of the circuit on the application of any citizen specially injured. The allegations of the petition, that "W. J. Forehand, Solicitor-General of the Tifton Judicial Circuit of said

State, and for and in the name of the State of Georgia and upon the information of Duane Gross," brings this action against the defendants, were not subject to demurrer of the defendant Thornton, on the ground that the petition failed to show that it was brought by the Solicitor-General of the Tifton Judicial Circuit "upon the complaint of any private citizen or any person directly or indirectly interested in the subject matter of such petition."

It was alleged in paragraph 2 of the petition that the defendant Thornton knowingly maintained and used the aforesaid building and premises for the purpose of gaming, and in paragraph 3 it was alleged that he had in the building a certain paper card, dice and other contents, which should also be declared to be a nuisance because of the facts stated in the preceding paragraph. The allegations in paragraph 2 of the petition were not subject to the demurrer of the defendant Thornton, on the ground that the allegations thereof failed to set out the nature of the alleged gambling that was being conducted in the defendant's place of business, by whom or with what device, and that the facts alleged were not sufficient to authorize the court to determine that the defendant was operating a place unlawfully.

The prayers of the petition seeking to abate, as a common nuisance, the premises and the contents therein, described in the petition, were not subject to the demurrer of the defendant Thornton, on the ground that the court was without jurisdiction to close the defendant's place of business except only such part thereof as the court might determine to be a public nuisance.

This court has held that the maintenance of a gaming-house or a gaming place is a public nuisance. *Gullatt* v. *State of Georgia,* 169 *Ga.* 538 (3) (150 S. E. 825). The allegations of the petition were sufficient, as against the general grounds of demurrer interposed by the defendant Thornton, to set forth a cause of action to abate, as a common nuisance, the restaurant known as Sibley's place.

■ On a criminal charge of operating a gaming house, evidence as to general reputation is admissible. *Bashinski* v. *State,* 122 *Ga.* 164 (50 S. E. 54). In the present case the evidence for the plaintiff showed one gambling game that occurred in a large room where meals were served, and that the general reputation of the place for gambling was bad. The defendant denied that

662

there had been any gambling in his place of business. The undisputed testimony was that the restaurant business was conducted in a building that contained one large room where meals were served and a small kitchen in the rear. There was no evidence that any portion of the building was used for dwelling quarters.

While a single transaction might not be sufficient to authorize abatement of a place of business as a common nuisance, in that the law contemplates some continuity of violation, yet evidence as to one illegal gambling game, coupled with corroborative circumstances such as the general reputation of the place for gambling, is sufficient to authorize the abatement of a place of business as a common nuisance. *Norris* v. *State of Georgia*, 204 *Ga.* 441 (2) (50 S. E. 2d 22).

*Judgment affirmed. All the Justices concur.*