■     In the Matter of the VILLAGE OF SUFFERN, Respondent, v. REALTY FUNDS CORPORATION, Appellant.— In a proceeding by the Village of Suffern, pursuant to statute (Village Law, § 89, subd. 7-a) and pursuant to the corresponding Unsafe Building Ordinance adopted by said village on March 10, 1958, against the owner of a building, to determine that the building is a public nuisance and to direct that it be demolished, the owner appeals from a final order of the Supreme Court, Rockland County, rendered June 2, 1960 (such order being designated in the notice of appeal as a judgment-decree), after a nonjury trial, which granted the petition and: (a) directed the removal of the building within a prescribed period of time at the owner's expense; (b) authorized petitioner, in the event the owner shall fail to remove said building within such prescribed period, to proceed with its demolition and removal; and (c) directed that, in the event the petitioner demolishes and removes the building, then the cost thereof shall be assessed against the land upon which the building is located. Order reversed, without costs, and the matter remitted to the Special Term for further proceedings not inconsistent herewith. The statute and the local ordinance under which the proceeding was brought empower the Board of Trustees of the village to provide for the removal or repair of buildings which are dangerous or unsafe to the public. In our opinion, there was substantial compliance with the provisions of said statute and ordinance. In view of the agreement among the witnesses who testified, however, that the building could be repaired so as to be made safe to the public, it is our opinion that it was error to direct its demolition without giving the owner an opportunity to make it safe by effecting the necessary repairs. Upon the remission, the court, on the basis of the evidence heretofore submitted or on the basis of that evidence and such additional competent and relevant

evidence as the parties may be advised to submit, should determine what repairs are necessary to make the building safe and should give such directions as may be proper, with respect to the repair and security of the building, and with respect to its removal if it shall not be repaired and made secure, as the court may direct. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.