23111. DOUGLAS v. HAYES, Solicitor General.

Cook, Justice. 1. The information of the solicitor general on the application of named relators was sufficient to state a cause of action for the abatement of a public nuisance. *Lofton v. Collins,* 117 Ga. 434 (3) (43 SE 708, 61 LRA 150); *Kilgore v. Paschall,* 202 Ga. 416 (43 SE2d 520); *Lee v. Hayes,* 215 Ga. 330 (110 SE2d 624).

2. The court did not err in refusing to permit counsel for the defendant to elicit testimony designed to demonstrate that the solicitor general had failed to institute proceedings to abate as a public nuisance other establishments operating in the same manner as the business of the defendant.

3. The evidence was sufficient to authorize the court to enjoin the defendant from operating the business. *Norris v. State,* 204

Ga. 441 (50 SE2d 22); *Thornton v. Forehand,* 211 Ga. 658 (87 SE2d 865).

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*Leon A. Wilson, II,* for plaintiff in error.

*Dewey Hayes, Solicitor General,* contra.

Dewey Hayes, Solicitor General of the Waycross Judicial Circuit, brought this suit in Coffee County Superior Court on the application of named relators against J. W. Douglas, doing business as Amvets Post 34, being a petition in equity to enjoin as a public nuisance the operation of Amvets Post 34. An ex parte order was issued, enjoining the operation of the business, and ordering the defendant to show cause on a designated day why the operation of the business should not be enjoined as a public nuisance. The sheriff was directed to padlock the club and take charge of its contents until further order of the court.

The petition alleges in substance that: The defendant is operating what purports to be a private club, Amvets Post 34, operating with members only, but in fact it is open to members and the general public, including minors. The club is located two miles outside the city limits of Douglas on a public road. Large gatherings of people, including minors, are permitted to gather in the place, play the juke organ, carouse around, dance, drink alcoholic beverages, and gamble, the consequence of which is that it is a public nuisance to the entire community. Whiskey is illegally possessed and sold at the place. The defendant possesses illegal gambling devices, and operates and maintains a gambling house during the week and on Sunday. Arguments and fights occur therein, and one person has been killed therein recently.

When the case came on to be heard, and before the introduction of evidence, the defendant made an oral motion in the nature of a general demurrer to dismiss the petition on the ground that it did not set out a cause of action against the defendant for the relief sought. After hearing argument thereon, the court denied the oral motion to dismiss the petition.

In support of the allegations in the petition the plaintiff introduced evdence which in substance showed: The defendant owned the premises on which the club was operated, and maintained and operated it. It was located outside the city limits of Douglas on a public highway, and was frequented by the general public. There was a bar located therein where beer and whiskey were displayed and sold by the bottle and by the drink. Slot machines were located therein which were "played" by the customers. There was a dining room and dance hall, and an electric phonograph which emitted music when operated. Carl Deen was ejected from the premises for fighting, and John Deen was seen beating his wife therein. It was stipulated that John Deen was shot by his wife while at the club, and subsequently died from the wounds received, and that no true bill was returned against her for such homicide. Several witnesses testified that they enjoyed going to the place of business and nothing therein disturbed them.

The defendant excepts to the denial of his oral motion to dismiss and to the grant of an injunction.