### 23983. SHAFFER v. CITY OF ATLANTA et al.

DUCKWORTH, Chief Justice. This action for equitable relief, as several times amended with renewed demurrers filed thereto and as required to be amended by order, seeks injunctive relief against named officials of the City of Atlanta as well as the municipality. It was brought by a citizen and taxpayer and a property owner of properties located in the city found by certain city officials to violate several sections of the housing code. With numerous and voluminous other allegations, it alleges that the defendants are acting arbitrarily and capriciously to prevent the plaintiff from correcting or abating the alleged nuisances by reason of the violations by denying him building permits to repair or correct the same; that the Urban Redevelopment Act and the ordinance drawn in respect thereto under which said officials are operating are unconstitutional, null and void for stated reasons; that under the authority of this law and ordinance the officials are depriving him of his property without due process of law, denying him the equal protection of the laws and are using the alleged unconstitutional law and ordinance to take and destroy his property and prevent him from correcting the alleged defects prior to a hearing on whether or not a nuisance exists on his property. It alleges that said officials have pre-judged him, without a judicial hearing, to be guilty of the various nuisances, and the trial before the police court

will be merely to criminally convict him of maintaining a nuisance rather than to determine the question of the existence of nuisances under *Code* § 72-401; that said properties are not nuisances per se; that the properties are now located in an area that has been rezoned to light industrial use, and, if the defendants are successful in having plaintiff demolish and remove the dwellings, he will be unable to rebuild the dwellings thereon; and that he cannot obtain a fair and impartial trial by reason of orders previously issued to demolish one of his dwellings without giving him the opportunity to abate the nuisance and in denying him building permits to repair and correct the alleged deficiencies and the right to maintain and improve his properties. He prays for a declaration that portions of the state law and the ordinance be declared null and void, and that an injunction issue to prevent him from being denied a judicial hearing on whether his properties are nuisances, and for such other and further relief as he may be entitled to. As finally amended, the petition was dismissed as failing to allege a cause of action. *Held:*

1. Though equity will not enjoin a criminal prosecution solely to prevent such prosecution, it will in a proper case by injunction prevent injury and destruction of property. *Chandler v. City of Tifton*, 206 Ga. 43 (55 SE2d 568); *Moultrie Milk Shed v. City of Cairo*, 206 Ga. 348 (57 SE2d 199).

2. Despite the voluminous pleadings here a careful reading determines that the petition alleges and shows, among other things, that the owner was denied the privilege, by the ordinance and the actions of the officials in conformity thereto, to abate the alleged nuisances himself by not being issued building permits for repairs and maintenance of his properties to cure the alleged violations of the housing code before the hearing on said violations to determine if a nuisance exists, a city official making a determination in one instance that "it is not economically feasible to improve the structure sufficiently to meet requirements of the Housing and Slum Clearance Code and this property is in such state of deterioration that it constitutes a menace and nuisance in the neighborhood." The ordinance, Section 15-22, which authorizes the determination by the city officials of the unfeasibility of rehabilitation of a dwelling amounts to the taking of private property without due process, without just

and adequate compensation therefor, and is discriminatory in that it denies the owner the equal protection of the laws in violation of both the State and Federal Constitutions, and in that respect the ordinance is null and void. While Sec. 18 of the statute (Ga. L. 1955, pp. 354, 375) provides that any municipality may by ordinance "require the repair, closing or demolition of dwellings or other structures," yet, where, as here, the ordinance seeks to prevent the owner from repairing his property pending the outcome of the abatement proceedings, which he alleges is a sham and will only judge him guilty of refusing to abate the nuisance after the finding by other officials, without notice and a hearing, to be a nuisance, it in effect seeks to condemn his property by preventing him from remedying the nuisance situation so found, and to so declare it a nuisance by ordering him "to demolish the structure within 60 days," without a judicial hearing of the existence of a nuisance under Code § 72-401, and preventing him by ordinance from repairing or improving same by denying him building permits for that purpose after so finding a nuisance without notice and a hearing. The effect of said ordinance and the application thereof here alleged is to take from the plaintiff his property, not through eminent domain but by crushing him between "bureaucratic rocks" by denying him a right to rebuild under the zoning code and requiring him to demolish under the slum clearance code. If the city desires him to demolish the property without giving him the right to correct any and all deficiencies found in a judicial hearing of whether or not a nuisance exists under Code § 72-401, then let the property be condemned and pay him for it, but not through indirect means prevent him from abating an alleged nuisance before a trial thereon. The ordinance by thus placing him in a position of demolishing the property as his only means of abating the alleged nuisance is unconstitutional, null and void. If a petition alleges a cause of action for any of the relief sought, then it is not subject to a general demurrer. The lower court erred in sustaining the demurrers and dismissing the petition as amended.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 14, 1967—DECIDED MARCH 23, 1967.

*Ray Gary, Saul Blau,* for appellant.

*Henry L. Bowden, Edwin L. Sterne, Robert F. Lyle,* for appellees.