24130. BURGESS et al. v. JOHNSON,
Solicitor General, et al.

ALMAND, Presiding Justice. On the petition of Clete D. Johnson, Solicitor General of the Northern Judicial Circuit, against Charles M. Johnson owner of certain described property off Georgia Highway No. 77, about one mile north of Stephens, on which is located a building in which the defendant Willie B. Burgess, as lessee of defendant Johnson, operated an establishment known as the "White House Grocery," a jury on the trial of the issues by its verdict found that the defendants were operating a public or common nuisance on the described premises. Upon this verdict the court decreed that the "White House Grocery" be abated, the defendants be permanently enjoined from maintaining said nuisance and said building be padlocked until further order of the court.

The appeal is from this order. The error enumerated is that there is no evidence of any nature indicating any illegal acts on the part of the defendants or that the operation of the business on the premises constituted a public nuisance. *Held:*

1. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effect on individuals. *Code* § 72-102. A petition to enjoin a public nuisance must proceed for the public on information filed by the solicitor general of the circuit, and such nuisance may be abated on the application of any citizen specially injured. *Code* § 72-202. *Code* § 58-109 provides that "all places of resort where persons are permitted to resort for the purpose of drinking such liquors or beverages, or any of them, mentioned in section 58-101, on or about the premises" are declared to be a common nuisance and may be abated as such upon the complaint of the solicitor general of the circuit, or any citizen or citizens of the county. See *Norris v. State,* 204 Ga. 441 (50 SE2d 22) and *Kilgore v. Paschall,* 202 Ga. 416 (43 SE2d 520).

2. The petition in the instant case was filed by the solicitor general on information of citizens who lived near the "White House Grocery." The petition charged that the defendant Burgess maintained said establishment as a gathering place for men and women to have a "drunkards' convention" on every weekend; "that people congregate there and drink

whiskey and beer and create loud noises by playing the juke box in said establishment and loud yelling and hollering and loud talk, creating disturbances that annoy the people living in that section, said conduct going on past the hours of 3:00 o'clock a.m. on Saturday and Sunday nights"; "that drunks congregate at this place and lie around and wallow around on the premises and said drunks drive automobiles to and from said place, creating a driving hazard"; "that drag races are held with the starting point at said drinking place and that said races continue on the dirt road until same runs into paved highway and said races continue down said highway; that the automobiles driven by the racers are people under the influence of intoxicating drinks"; "that some thirty or forty automobiles congregate at said place and drunks mill around in the road and on the sides of the road and it is difficult for people to pass said establishment on their way to Sunday evening services at the local church due to the number of automobiles and number of drunks congregated at said establishment"; and "that said place of business has been operated in such a manner continuously since the same was re-opened approximately one year ago and is a continuing nuisance and should be abated."

The evidence, which is unnecessary to set out in detail, fully supports the allegations of the petition that a large number of persons, male and female, convened on Saturday and Sunday nights at the "White House Grocery" where drinking of intoxicating liquor took place. The playing of a juke box and persons whooping, hollering and yelling disturbed the peace of the neighborhood. The reckless driving of automobiles on and about the highway next to the premises by persons visiting said establishment rendered travel on the highway dangerous. There was evidence that the reputation and character of the place was bad. The verdict of the jury finding the "White House Grocery" to be a public nuisance being supported by the evidence, the court did not err in ordering the abatement of the same.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967.

*Guy B. Scott, Jr.,* for appellants.
*Clete D. Johnson, Solicitor General,* for appellees.