## 29443. CHANCEY v. HANCOCK.

NICHOLS, Chief Justice.

The appellee district attorney for the Piedmont Judicial Circuit brought this action in the Superior Court of Barrow County to enjoin and abate as a public nuisance a business establishment known as "Chancey's Place," operated by appellant.

The verified complaint alleged that the premises have been operated continuously for a period of several years for the purpose of "storing, selling and dispensing alcoholic beverages"; that appellant has never been granted a license to sell alcoholic beverages on the premises; that appellant has four prior convictions for violations of the beer and liquor laws arising from operation of the premises; and that the business "encourages idleness, loitering, vagrancy and has a tendency to breed crime and debauch the morals of the community." The complaint also alleged a specific instance of selling beer without a license, the sale

occurring on a Sunday. The complaint prayed that operation of the business be enjoined and the premises padlocked.

At the hearing appellant made several motions for more definite statement, all of which were overruled. After hearing the evidence the trial court enjoined the use of the premises "for any purpose whatsoever" and ordered that the "building shall be padlocked at all times by the Sheriff and remain so until further order of the Court." Appellant appeals from the order granting this relief.

1. Appellant enumerates as error the overruling of his motion to dismiss for lack of jurisdiction over the person for the reason that process was insufficient.

According to the evidence adduced at the hearing, no summons as prescribed in Code Ann. § 81A-104 (b) was attached to the complaint and served therewith upon appellant. The Civil Practice Act provides that the "summons and complaint shall be served together . . . Service shall be made by delivering a copy of the summons attached to a copy of the complaint." Code Ann. § 81A-104 (d). This court, however, has approved the use of a rule nisi as process in lieu of a summons where the defendant is required to appear at a time other than within 30 days after service as specified by Code Ann. §§ 81A-112 (a) and 81A-301. See *Tyree v. Jackson,* 226 Ga. 690 (1) (177 SE2d 160); *Lowery v. Adams,* 225 Ga. 248 (2) (167 SE2d 636). Use of a rule nisi as process comports with the needs of flexibility, often inherent in equity cases, in designating a time for appearance of the parties at a temporary hearing and clearly serves the objects and purposes of the Civil Practice Act in affording a defendant notice of the proceedings and an opportunity to be heard. Anything to the contrary in *Paine v. Lowndes County Board of Tax Assessors,* 124 Ga. App. 233 (183 SE2d 474) is expressly disapproved. There is nothing in the present record to show that the complaint and rule nisi were not served together in the manner prescribed by Code Ann. § 81A-104 (d). Accordingly, the trial court did not err in overruling appellant's motion to dismiss.

However, the order appealed from granted only temporary relief. No question is presented in this appeal as to whether service of a rule nisi in lieu of a statutory

summons would authorize the granting of permanent relief, and that question is not passed upon.

2. Appellant enumerates as error the overruling of his motion for more definite statement to compel appellee to furnish the names of relators upon whose information the action was brought.

A complaint in equity filed by the district attorney under Code § 72-202 to abate a public nuisance must name the citizen or citizens upon whose information the complaint is based. *Davis v. State of Ga.,* 199 Ga. 839 (4) (35 SE2d 458). The present complaint recited that it was brought by appellee "based on information given him by John R. Austin, Sheriff of Barrow County and in his official capacity as Sheriff of Barrow County." The recitation was sufficient to apprise appellant of the identity of his principal accuser. This enumeration is without merit.

3. An investigator attached to the Barrow County Sheriff's office testified that on July 28, 1974, a Sunday, he gave an individual, whom he refused to identify, a marked ten-dollar bill and observed him purchase a six-pack of beer from appellant at the premises in question. Appellant was then arrested on charges of selling beer without a license and of selling beer on a Sunday. Appellant enumerates as error the overruling of his motion for more definite statement to compel appellee to identify the individual who made the purchase.

It has generally been held that the public policy of this state as declared in Code § 38-1102 supports the nondisclosure of the indentity of an informant upon whose information an arrest or search is based. See *Pass v. State,* 227 Ga. 730 (4) (182 SE2d 779); *Morgan v. State,* 211 Ga. 172 (3) (84 SE2d 365); *Estevez v. State,* 130 Ga. App. 215 (2) (202 SE2d 686); *Morrison v. State,* 129 Ga. App. 558 (2) (200 SE2d 286); *Scull v. State,* 122 Ga. App. 696, 700 (178 SE2d 720). Code § 38-1102 provides that no official shall be "called on to disclose any State matters of which the policy of the State and the interest of the community require concealment." It has been held, however, that in a criminal case where law enforcement officials use a person as a "decoy" to obtain evidence or to establish facts upon which a prosecution is based, the defendant is

entitled to have his identity disclosed. *Smallwood v. State,* 95 Ga. App. 766 (98 SE2d 602); *Crosby v. State,* 90 Ga. App. 63 (82 SE2d 38).

The present case, however, is not a criminal prosecution. The isolated transaction involved in this case is mere evidence which tends to establish the existence of a public nuisance. The transaction is not in itself sufficient to authorize the granting of injunctive relief; there must be evidence to show that the conduct complained of is continuous in nature. *Thornton v. Forehand,* 211 Ga. 658 (2) (87 SE2d 865); *Norris v. State of Ga.,* 204 Ga. 441 (2) (50 SE2d 22); *Foster v. Mayor &c. of Carrollton,* 68 Ga. App. 796 (24 SE2d 143). Viewed in this perspective, the possible testimony of the individual who purchased the beer from appellant would be of minimal significance to his defense. Under these circumstances the public policy declared in Code Ann. § 38-1102 in favor of non-disclosure must control. The trial court did not err, therefore, in refusing to require disclosure of the decoy's identity.

4. Appellant contends that the owner of the premises is a necessary party to the abatement proceedings, and because there was no showing that he is the owner, the trial court had no authority to issue the padlocking order. He cites as error the overruling of his motion to compel appellee to disclose whether the proceedings were brought against him as owner or as lessee of the premises.

The complaint named appellant as the "operator and/or owner, tenant [sic], lessee." If he is in fact the owner, he was not harmed by the trial court's ruling on his motion. If he is not the owner, he would have no standing to assert the rights of the true owner, a stranger to the proceedings. See *Gibbs v. Wyatt,* 201 Ga. 344 (3) (39 SE2d 752). If the true owner has not been made a party nor given notice or an opportunity to be heard, he would not be precluded from later seeking removal of the padlock. *Baskin v. Meadors,* 196 Ga. 802 (27 SE2d 696).

5. Appellant contends that the evidence was insufficient to authorize the padlocking order. In this connection he argues that because the evidence established that his four prior convictions for violations of the beer and liquor laws arose from transactions wholly

unconnected with his operation of the subject premises, the prior convictions were immaterial to the issue of whether the premises constituted a public nuisance.

Appellee brought this action under the provisions of Code § 72-202, which authorizes the district attorney to seek abatement of a public nuisance and under Code § 58-110 which provides that "[a]ny place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law" is abatable as a nuisance.

The evidence of appellant's prior convictions, though not arising from his operation of the subject premises, was material to the issue of whether he had been selling beer on the premises "in violation of law" in terms of Code § 58-110. The evidence tended to show a general plan to violate the laws regarding the sale of alcoholic beverages (see *Overton v. State,* 230 Ga. 830 (199 SE2d 205), *Barkley v. State,* 190 Ga. 641 (2) (10 SE2d 32), *Jones v. State,* 62 Ga. App. 734, 737 (9 SE2d 707)) and was probative as to whether the subject premises were used as a "blind tiger" within the meaning of the statute.

Other evidence revealed that appellant had never been issued a license to sell beer, that the premises were open only on Sunday, were reputed to be "an outlet for beer" and "a bootleg place," and that the premises had a bad reputation and encouraged loitering, vagrancy and had a tendency to breed crime. The investigator attached to the sheriff's office testified that on July 21, 1974, he observed for a period of two hours several people entering the premises and leaving with beer in their hands. When appellant was arrested the following week, approximately 155 six-packs of beer were found in the beer cooler.

The evidence authorized a finding that the premises were operated as a "blind tiger" within the meaning of Code § 58-110 and abatable as such under that statute and under the provisions of Code § 72-202. The judgment closing the premises, "until further order of the Court" was not error. See *Burgess v. Johnson,* 223 Ga. 427 (156 SE2d 78); *Thornton v. Forehand,* 211 Ga. 658, supra; *Norris v. State of Ga.,* 204 Ga. 441, supra; *Douglas v. Hayes,* 221 Ga. 436 (3) (144 SE2d 756); *Sprayberry v.*

*Wyatt,* 203 Ga. 27 (2) (45 SE2d 625).
*Judgment affirmed. All the Justices concur.*

Submitted January 13, 1975 — Decided February 18, 1975.

*Russell, McWhorter & Adamson, Richard B. Russell, III,* for appellant.
*Nat Hancock, District Attorney,* for appellee.