## 52780. HORNE v. CITY OF CORDELE et al.

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 22, 1976.

128

*Mullis, Reynolds, Marshall & Horne, W. Carl Reynolds,* for appellant.

*Roberts, Roberts & Rainwater, Guy V. Roberts,* for appellees.

DEEN, Presiding Judge.

The ordinance is undoubtedly drawn with reference to Code § 69-1118 which provides in part: "Any municipality may by ordinance require the repair, closing or demolition of dwellings or other structures intended for human habitation which are, as defined in such ordinance, unfit for human habitation or which may imperil the health, safety or morals of the occupants thereof or of surrounding areas," and also provides for notice and hearing as to whether such conditions exist. It is obvious that the city could demolish the house without

payment of just and adequate compensation only in the exercise of its police power, which, as discussed at length in *McCoy v. Sanders,* 113 Ga. App. 565 (148 SE2d 902) is government's inherent and plenary power over persons and property, having its origin in the law of necessity, which extends to all great public needs, sanctions the destruction of property for such purposes without recompense, and, as to the owner, constitutes damnum absque injuria. The constitutional considerations which hedge in government's right of eminent domain do not apply to police power, and the citizen whose property is taken or destroyed is helpless before it. For this reason alone the authorization of government to take the property of its citizens can be invoked only in the face of compelling necessity, and it extends no further than the emergency which creates it. The rule, if not the designation, is inherent in *Dupree v. Mayor &c. of Brunswick,* 82 Ga. 727, where the court held of a fire prevention ordinance: "Without deciding whether the mayor and council have this great power conferred on them which they claim, or whether the legislature has power to confer it, we hold that if they have such power and can remove any building in the city when 'in their opinion it shall be necessary to insure against fire,' they can only do so in cases of absolute necessity, or in grave emergencies, when the removal is necessary to prevent fires and destruction of other property by fire." The destruction of property for aesthetic reasons, for example, has been held an unconstitutional exercise of the power. Village of Deshler v. Hoops, 196 NE2d 476. And so is any other exercise of government's power of uncompensated destruction over the property of the citizen which exceeds the immediate necessity of the occasion. City of Newport v. Rosing, 319 SW2d 852. "[W]hile the right exists in the exercise of the police power to destroy property which is a menace to public safety or health, public necessity is the limit of the right and the property cannot be destroyed if the conditions which make it a menace can be abated in any other recognized way. Polsgrove v. Moss, 154 Ky. 408, 157 SW 1133; 39 AmJur pp. 461-462, Sec. 186; 62 CJS, Municipal Corporations, § 281, pages 631-632; Crossman v. City of Galveston, 112 Tex. 303,

316, 247 SW 810, 26 ALR 1210." City of Houston v. Lurie, 224 SW2d 871, 14 ALR2d 61. See also Albert v. City of Mountain Home, 337 P2d 377; City of Aurora v. Meyer, 38 Ill. 2d 131 (230 NE2d 200); Childs v. Anderson, 344 Mich. 90, 73 NW2d 280; Application of the Village of Suffern, 209 NYS2d 599; Newton v. Highland Park, 282 SW2d 266; Horton v. Gulledge, 277 NC 353 (177 SE2d 278.)

The vice of the ordinance under consideration is that it flatly permits uncompensated destruction of the owner's property where the cost of repair would exceed 50 percent of the value of the structure unrepaired. In this it differs from similar ordinances which have been approved by various courts. In Perepletchikoff v. City of Los Angeles, 345 P2d 261, the condition was that where there was a nonconforming use the owner had a choice of allowing demolition under police power *or* so repairing the building that it conformed to the zoning laws. In West Realty Co. v. Ennis, 164 A2d 409, property constituting a fire hazard, where cost of repair would exceed 50 percent of replacement cost might be *condemned,* i.e., the owner would receive proper compensation. In Albert v. City of Mountain Home, 337 P2d 377, destruction of a fire hazard on the ground of nuisance would be illegal unless consideration was first given to the possibility of eliminating the hazard by means other than destruction.

The same principle is inherent in *Shaffer v. City of Atlanta,* 223 Ga. 249 (154 SE2d 241) wherein it was held that injunction would lie to prevent the owner's buildings from being razed as a nuisance, where he alleged that a building permit applied for to allow repair of the structures had been arbitrarily refused. "The ordinance, Section 15-22, which authorizes the determination by the city officials of the unfeasibility of rehabilitation of a dwelling amounts to the taking of private property without due process, without just and adequate compensation therefor, and is discriminatory in that it denies the owner the equal protection of the laws in violation of both the State and Federal Constitutions. . ."

In the present case it appears that the owner twice applied for and was refused building permits in order to repair the house under consideration here. We do not find it necessary to reach the question of whether the owner

was in good or bad faith in applying, or whether the building inspector was in good or bad faith in refusing the applications, or to pass on the remaining enumerations of error. Our holding is that any ordinance which authorizes demolition of a structure within the city without compensation to the owner merely because the cost of repair exceeds the value of the structure or any percentage thereof, without first allowing opportunity to repair (and, if necessary, providing for discovery of the criteria which must be met to bring the structure up to a minimum standard) is unconstitutional and void.

The judge of the superior court erred in dismissing the certiorari.

*Judgment reversed. Webb and Smith, JJ., concur.*