56420. OLIVER et al. v. CITY OF MACON.

Banke, Judge.

The City of Macon, the appellee in this appeal, applied to the Municipal Court of the City of Macon for an order declaring certain structures allegedly owned by the appellants to be public nuisances due to their unsafe condition. After hearing evidence, the municipal court found that the structures were in violation of the Macon Housing Code and that "the existence of these violations renders the structures unsafe and a public nuisance within the meaning of the Code." He gave the appellants 60 days either to make the structures safe or to demolish them, failing which they were to be demolished by the city. This appeal is from the denial of the appellants' petition for certiorari filed in the superior court.

1. There was ample evidence from which the municipal court could find that the structures were dangerous to the public health and safety. "[A] city having the power, under its charter, to abate nuisances endangering the public health and safety, may destroy

property without making compensation to the owner, where the property constitutes a nuisance of that kind. . ." *Mayor &c. of Savannah v. Mulligan,* 95 Ga. 323 (1), 324 (22 SE 621) (1894). Since the lower court allowed the appellants an opportunity to repair the structures as an alternative to their demolition, its order did not amount to an unconstitutional taking of private property without compensation. See *Horne v. City of Cordele,* 140 Ga. App. 127 (230 SE2d 333) (1976).

2. Although the appellants contend that the 60 days allowed them to make repairs did not constitute a reasonable opportunity to avoid the demolition of the structures, there was testimony from the appellant's own witness that the work could be completed within that period of time.

3. None of the enumerations of error dealing with the application or interpretation of the city's housing code, including the attacks on its constitutionality, can be considered due to the fact that the code was never placed in evidence. A superior court cannot take judicial notice of a municipal ordinance. *Mayor &c. of Savannah v. T.W.A., Inc.,* 233 Ga. 885, 886-887 (214 SE2d 370) (1975).

4. During the course of the proceedings in the lower courts, one of the persons owning an interest in the properties died. The appellants contend that it was error not to continue the proceedings until the deceased's legal representative could be appointed and the estate settled. This enumeration of error is without merit. In an action to abate a public nuisance, a defendant will not be heard to complain of the possible effect of the order of the court upon the property rights of others. *Gibbs v. Wyatt,* 201 Ga. 344 (3) (39 SE2d 752) (1946); *Chancey v. Hancock,* 233 Ga. 734 (4) (213 SE2d 633) (1975).

5. The remaining enumerations of error are deemed abandoned for failure to provide argument or citation of authority in support thereof. Rule 18 (c) (2), Rules of the Court of Appeals.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 12 , 1978 — DECIDED DECEMBER 5, 1978.

*F. Robert Raley,* for appellants.

*Andrew W. McKenna, J. Michael Carpenter,* for appellee.