## BRINDLE *v.* COPELAND, relator.

FISH, C. J. 1. A lewd house is per se a public nuisance (4 Bl. Com. 168; Joyce on Law of Nuisances, § 12), and its maintenance may be abated by injunction on petition brought by a solicitor-general in the name of the State, on the information of one of its citizens as relator. *Walker* v. *McNelly*, 121 *Ga.* 114 (48 S. E. 718); *City Council of Augusta* v. *Reynolds*, 122 *Ga.* 754(3), 760 (50 S. E. 998, 69 L. R. A. 564, 106 Am. St. R. 147), and cit.

2. On the trial in such proceeding, the general reputation for lewdness of the woman charged with maintaining the lewd house (in which she resides), as well as the general reputation of the house as a place of lewdness or prostitution, is competent evidence. *McCain* v. *State*, 57 *Ga.* 390; *Braddy* v. *Milledgeville*, 74 *Ga.* 516 (58 Am. R. 443); *Hogan* v. *State*, 76 *Ga.* 82; *Gossett* v. *State*, 123 *Ga.* 431, 437 (51 S. E. 394); *Moore* v. *Dozier*, 128 *Ga.* 90, 95 (57 S. E. 110).

3. On an interlocutory hearing in such a proceeding it was error to permit a witness to testify as follows: "I own a piece of land across the street from where defendant lives, and could only get one hundred dollars a year rent for it, when it was worth the sum of one hundred and twenty-five dollars a year. I could not get the worth of it because the defendant living so near it." The process was instituted in the name of the State to abate a public nuisance, while this testimony tended to show the injurious effect of the alleged public nuisance to one individual; therefore the objection to the testimony on the ground of its irrelevancy should have been sustained. In view, however, of the other evidence submitted, this error does not require a reversal.

4. Upon such hearing the court granted this order: "It appearing to the court that the house is run solely as a lewd house, and not as a bona fide home, and that same is a disorderly house, the defendant is restrained and enjoined from operating a lewd house or disorderly house, and the house is ordered closed until the further order of this court." The judge had no authority under the law to order the house closed.

5. The evidence authorized the granting of the order passed by the court, with the exception noted in the next preceding headnote. Direction is given that the order be modified to the extent of eliminating therefrom so much of it as ordered the closing of the house.

*Judgment affirmed, with direction. All the Justices concur.*
June 20, 1916.

Injunction. Before Judge Wright. Floyd superior court. August 14, 1915.

*John W. Bale* and *Eubanks & Mebane,* for plaintiff in error.
*Barry Wright,* contra.