EDISON *et al. v.* RAMSEY *et al.,* relators.

1. A lewd house being per se a public nuisance, a court of equity has jurisdiction to abate the same on a suit brought by the solicitor-general on the information of a citizen as a relator, without alleging or proving special injury to property.

2. Where such a proceeding is instituted against several persons without alleging any community of interest among such defendants, it is error to overrule a demurrer attacking the petition on the ground of misjoiner of parties.

No. 182. MAY 15, 1917.

Injunction. Before Judge Kent. Laurens superior court. January 24, 1917.

*Palmer Hicks* and *George B. Davis,* for plaintiffs in error.

*S. P. New* and *E. L. Stephens,* contra.

GILBERT, J. 1. "Equity has no jurisdiction, upon the petition of individuals, to interfere in matters merely criminal, or to enjoin any one from the commission of a crime, when it does not appear

that the acts complained of affected any property rights of the petitioners." *O'Brien* v. *Harris,* 105 *Ga.* 732 (31 S. E. 745). Generally a public nuisance gives no right of action to any individual, but must be abated by a process instituted by the State. Civil Code (1910), §§ 4454, 5330. Even before the adoption of the code, in *Mayor etc. of Columbus* v. *Jaques,* 30 *Ga.* 506, this court held that a court of equity has jurisdiction, and in a proper case may by injunction restrain a public nuisance upon information filed by the solicitor-general. This ruling has been approved and followed in *Lofton* v. *Collins,* 117 *Ga.* 434 (43 S. E. 708, 61 L. R. A. 150) ; and in *Brindle* v. *Copeland,* 145 *Ga.* 398 (89 S. E. 332). The last named was a suit to abate a lewd house as a public nuisance, and the petition was brought by the solicitor-general in the name of the State on the information of one of its citizens as relator. In that case a lewd house was held to be a public nuisance per se. The present case being a suit brought by the solicitor-general, on relation of a citizen, to abate a lewd house as a public nuisance, it was within the jurisdiction of a court of equity, and it was not necessary to allege or to prove that there was any injury to the private property of any particular person.

2. The judgment must be reversed, however, because the petition joins in one action several persons alleged to be engaged in operating three different lewd houses, without showing that the occupants had a community of interest in the matter sought to be abated, there being a demurrer to the petition based on the ground of misjoinder of parties. It is true that the petition alleges "that said three houses are within a few feet of each other, and constitute one joint public nuisance," but on demurrer this is insufficient to show any community of interest among the occupants of the houses described.

*Judgment reversed. All the Justices concur.*