DAVIS *v.* THE STATE OF GEORGIA *ex rel.* LANHAM, solicitor-general.

No. 15252.   OCTOBER 6, 1945.

*Matthews, Owens & Maddox,* and *James Maddox,* for plaintiff in error.

*Henderson Lanham, solicitor-general,* and *Graham Wright,* contra.

CANDLER, Justice. Under the assignments of error, the only issues presented for determination by this court are: first, whether or not the trial court erred in overruling the objections to the allowance of the amendment; and second, whether thereafter the court erred in overruling the demurrer.

■ The objections urged against the allowance of the amendment were without merit. "All parties, whether plaintiffs, or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as a matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301. "A petition showing a plaintiff and defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by." § 81-1302. As is shown by the petition in this case, the pleader sought to prevent the further operation and maintenance of a place of business located on one of the State's main thoroughfares —a place where beer and wine were being sold, where a juke box had been installed, and was being played both day and night, making a loud noise; where drunk people congregated, and while at the place engaged in cursing, fighting, and making undue noise; and where people of disreputable character assembled. The petitioner sought to show the existence of a public nuisance, and in this respect his petition was not lifeless and it was amendable by adding thereto, as the amendment did, that the place was also one where beer was being sold on Sunday in violation of law. The effect of the amendment was to amplify or give an additional reason why the place had become such a nuisance. The sale of beer on Sunday in violation of law merely added to the general character of the place as a public nuisance, and did not undertake to add a new cause of action.

■ The allegations of the petition, and the amendment allowed thereto, if true, show that the defendant was operating and maintaining a place of business commonly referred to by the public as

a "joint." "A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary reasonable man." Code, § 72-101. "A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." § 72-102. A common, ill-governed place of business, kept and maintained to the encouragement of idleness, drinking, or other misbehavior, or to the common disturbance of the neighborhood or the orderly citizens thereof, is a disorderly house. § 26-6103. A place such as presented by the instant case is a public nuisance, and may be abated on proper petition by the solicitor-general, under the provisions of section 72-202 of the Code. As amended, the petition was sufficient to show the existence of a public nuisance, and the court did not err in overruling the general demurrer.

■ The defendant demurred to the second prayer of the petition, which sought an order directed to the sheriff to seize and close the place of business of the Georgia-Alabama Beer Garden, and to seize the fixtures, furniture, musical instruments, and the contents thereof.

The Code, § 72-202, so far as it provides for a suit in equity by the solicitor-general, on information, to abate a public nuisance, does not contemplate an abatement otherwise than by injunction. *City of Columbus* v. *Oliver*, 30 *Ga.* 506 (2).

Chapter 58 of the Code of 1933 embodies both the act of 1915 (Ga. L. Ex. Sess. 1915, p. 77), and the act of 1899 (Ga. L. 1899, p. 73), known as the "blind tiger" act, the last named act being contained in the Code, §§ 58-110 to 58-112. In *Legg* v. *Anderson*, 116 *Ga.* 401 (2), 405 (42 S. E. 720), it was said: "The purpose of the act was to provide that a nuisance may be abated by injunction, *to be issued in the manner provided by law*, that is, upon application to the judge of the superior court, upon a sworn petition and after a hearing, the judge having a right to grant a temporary restraining order until the interlocutory hearing, and a temporary injunction until a final hearing, and a permanent injunction after a hearing before a jury under existing rules." See also *Cassidy* v. *Howard*, 140 *Ga.* 844 (3) (80 S. E.

1). Therefore it took the act of 1915, supra, and Code, §§ 58-101-58-109, to authorize the physical seizure of property in an equitable proceeding against the sale of liquor and other intoxicating beverages in violation of law; the remedial provisions of that act being broader than those contained in the "blind tiger" act of 1899. *Pullen* v. *Meadors*, 196 *Ga.* 796, 801 (27 S. E. 2d, 655). While the sale of beer was prohibited by the act of 1915, and thus was embraced within the remedy of seizure under that act, yet, by the act of 1935 (Ga. L. 1935, pp. 73, 79), the act of 1915 was amended by adding a clause to be known as clause 3, reading as follows: "Nothing in this Act shall apply to fermented beverages made from malt, in whole or in part, or any similar beverages." It was alleged, however, that the defendant was selling beer on Sunday; and by the act of 1937 (Ga. L. 1937, pp. 148, 154, section 6), this was made a criminal offense. Whether or not the violation of this law as to selling beer on Sunday would bring the case within the original "blind tiger" act, need not be determined, since, even if so, that law, as we have seen, does not provide for a physical seizure of property on the premises, as prayed by the petitioner in this case; and, since the transaction would not fall within the act of 1915, as amended by the act of 1935, there is no law that would authorize the grant of that prayer in such an equitable suit. And this is true, notwithstanding, as indicated in division 1, supra, the sale of beer on Sunday in violation of law added to the general character of the place as a nuisance, and an amendment alleging such illegal sale was not objectionable as adding a new and distinct cause of action.

It follows that the judge erred in not sustaining the demurrer to the second prayer of the plaintiff's petition, as stated above.

■ The court erred in failing to sustain the ground of special demurrer calling on the pleader to name his relators. The petition alleged: "That during the month of March, 1945, complaints had been made to him by citizens and residents of the county concerning the operation of defendant's place of business." No allegation in the petition named such relators. This court has held, in *Brindle* v. *Copeland*, 145 *Ga.* 398 (89 S. E. 332), that a public nuisance and its maintenance may be abated by injunction on petition brought by the solicitor-general in the name of the State, on information of one of its citizens. Properly construed, the in-

stant petition was brought in the name of the State by the solicitor-general, on information of citizens, and the defendant was entitled to know, when such information was called for by a timely special demurrer, who his accusers were. The other grounds of special demurrer have been carefully examined and are without merit.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Jenkins, P. J., Atkinson and Wyatt, JJ., who dissent.*