20540.  LEE *v*. HAYES, Solicitor-General.

ARGUED JULY 13, 1959—DECIDED SEPTEMBER 11, 1959—
REHEARING DENIED OCTOBER 9, 1959.

*R. E. Lawson*, for plaintiff in error.

*Dewey Hayes, Solicitor-General*, contra.

ALMAND, Justice. Dewey Hayes, Solicitor-General of the Waycross Judicial Circuit, brought this suit against Kell Lee, doing business as "Kell's", to enjoin the said Lee from operating a business which it is charged constituted a public nuisance, and to padlock said business. The petition was based on information furnished the solicitor by named relators. To this petition the defendant filed numerous demurrers, both general and special, all of which were overruled. Subsequently to the filing of defendant's demurrers, the court over the defendant's objection allowed an amendment to the petition, adding the names of two additional

relators and a verification of the petition by one of them. A preliminary hearing was held before the Judge of the Superior Court of Bacon County, and a temporary injunction was granted, enjoining the further operation of the business, and an order was entered that the sheriff close the place of business until further order of the court.

The defendant assigns as error the judgment overruling his general and special demurrers; the ruling that the defendant in said matter, if placed on the stand, would be sworn and subjected to cross-examination; the overruling of the defendant's objection to the introduction of evidence as to the reputation of the place of business; the allowance over the defendant's objection of the amendment to the petition; and the judgment granting the temporary injunction.

■ The petition in this case, alleging in substance that the defendant was operating a lewd house; was operating and maintaining a gaming house; was illegally selling beer, whisky, and other alcoholic beverages to minors; was maintaining on his premises a juke box whose loud playing was disturbing the neighborhood and people passing by on the highway; and was providing a gathering place for minors and the general public to drink, dance, and carouse, was sufficient as against general demurrer, to state a cause of action for abatement of a public nuisance by the solicitor-general. Code §§ 72-201, 72-301; *Brindle* v. *Copeland*, 145 *Ga.* 398 (1) (89 S. E. 332); *Edison* v. *Ramsey*, 146 *Ga.* 767 (1) (92 S. E. 513); *Gullatt* v. *State*, 169 *Ga.* 538 (3) (150 S. E. 825); *Thornton* v. *Forehand*, 211 *Ga.* 658 (1) (87 S. E. 2d 865); *Lofton* v. *Collins*, 117 *Ga.* 434 (3) (43 S. E. 708, 61 L.R.A. 150); *Walker* v. *McNelly*, 121 *Ga.* 114 (1) (48 S. E. 718); *Davis* v. *State*, 199 *Ga.* 839 (35 S. E. 2d 458).

■ The grounds of the special demurrers, 2 and 3, complaining of the failure to name those persons who were permitted to gather at defendant's place of business for the purpose of dancing and carousing, or at what hours of the day or night they remained there; the names of the lewd women who were permitted to congregate at defendant's business, or what unlawful acts they participated in; and the names of the residents of the neighborhood and those passing on the highway who were disturbed by the

defendant's juke box, are without merit. *Davis* v. *State*, 199 *Ga.* 839, 841, 845, supra. Ground 4 of the special demurrers is without merit for the reason that the allegations of the petition—that the defendant is operating a lewd house and a gaming house—are not mere conclusions of the pleader but are allegations of ultimate fact.

■ The original petition stated a cause of action for the relief sought as against general demurrer, and the court did not err in allowing the solicitor-general to amend his petition by adding the names of additional relators and the verification by one of them. *Beall* v. *Francis*, 163 *Ga.* 894 (1) (137 S. E. 251) ; *Harper* v. *Mayes*, 210 *Ga.* 183 (3) (78 S. E. 2d 490).

■ Since there is no brief of evidence in the record, we cannot consider any assignment of error that requires reference to rulings made or evidence adduced at the hearing on the temporary injunction, nor consider the assignment of error on the order granting an injunction. There was no error in overruling the general and special demurrers of the defendant.

*Judgment affirmed. All the Justices concur.*