26249. EVANS THEATRE CORPORATION et al. v. SLATON.

ARGUED JANUARY 13, 1971—DECIDED MARCH 4, 1971—
REHEARING DENIED MARCH 18, 1971.

*Albert M. Horn, Glenn Zell, Margie Pitts Hames,* for appellants.

*Lewis R. Slaton, District Attorney, Hinson McAuliffe, Solicitor, Thomas E. Moran, Frank A. Bowers, Keating, Clancy, Bertsch & Johnston,* for appellee.

MOBLEY, Presiding Justice. Lewis R. Slaton, District Attorney of the Atlanta Judicial Circuit, and Hinson McAuliffe, Solicitor of the Criminal Court of Fulton County, brought a complaint in Ful-

ton Superior Court against Evans Theatre Corporation, operator of Loew's Grand Theatre, a motion picture theatre in Atlanta, and Marion Smith and John Herbert, managers of the corporation, alleging that defendants have advertised in the local papers the showing of a film, "I Am Curious (Yellow)," which is obscene within the definition of obscene materials in *Code Ann.* § 26-2101 (Ga. L. 1968, pp. 1249, 1302), and its exhibition is prohibited by that section. Plaintiffs demanded that rule nisi issue, the film be declared obscene and subject to seizure, and defendants be temporarily and permanently enjoined from exhibiting the film within the jurisdiction of the court.

After a hearing, the trial judge held that the film "I Am Curious (Yellow)" is obscene and subject to seizure. It was ordered that all copies in the possession of defendants be seized, and that defendants, their associates, agents, and employees, be restrained and enjoined from distributing, exhibiting, or otherwise showing the film in any theater or other place where the public is permitted within the jurisdiction of the court.

Defendants filed an appeal from this judgment, making the following enumerations of error: The court erred (1) in finding and holding the film "I Am Curious (Yellow)" to be obscene; (2) in enjoining appellants from showing or exhibiting the film; (3) in ordering the film seized as contraband; (4) in proceeding with the complaint in the absence of statutory standards, provision for jury trial, and other constitutional safeguards; (5) in refusing a continuance to appellants where the complaint was unverified and no showing of urgency was made; (6) in not holding that the State was estopped or precluded from prosecuting the complaint because of the Federal Court of Appeals (404 F2d 196) holding the film not to be obscene; and (7) in finding and holding that *Code Ann.* § 26-2101 extends to the exhibiting of an alleged obscene film to consenting adults.

■ The first error enumerated is the finding that the film is obscene.

The General Assembly has defined obscene material as follows: "(b) Material is obscene if considered as a whole, applying community standards, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and

utterly without redeeming social value and if, in addition, it goes substantially beyond customary limits of candor in describing or representing such matters." *Code Ann.* § 26-2101.

At the hearing the trial judge viewed the film before making his finding that it was obscene. Counsel for appellants have made the film available for our viewing of it, and we have done this.

The film was produced in Sweden. It shows a young Swedish woman questioning the social, political, and moral values of her own country and other countries. She meets a young man and immediately engages in sexual intercourse with him. In extended scenes the young woman and her sex partner are shown completely nude and, in the course of the film, they engage in numerous acts of sexual intercourse, natural, unnatural, bizarre, and violent. In a dream fantasy the young woman murders and castrates her sex partner. All of these scenes are explicit.

Appellants urge that the two expert witnesses testifying in their behalf explained that the film's main or dominant appeal is to social, political, and moral issues, and that the scenes portraying sexual activity were essential to, and integrated with, the film's main political and moral themes, and do not exceed the standards embodied in other films and books being shown in the country.

Appellants contend that the failure of appellees to introduce any evidence of community standards to determine the question of obscenity requires a reversal of the judgment finding the film obscene, and cite Hudson v. United States, 234 A2d 903, a case in the District of Columbia Court of Appeals, in which a criminal conviction was reversed because the Government offered no evidence of community standards prevailing in the nation generally. We are, of course, not bound by that decision.

In Jacobellis v. Ohio, 378 U. S. 184 (84 SC 1676, 12 LE2d 793), in an opinion concurred in by two Justices of the United States Supreme Court, it was stated that the "contemporary community standards" by which they must determine the issue of the Federal constitutional rights of those convicted of crimes involving alleged obscene material were national standards. This opinion did not suggest that State courts must have evidence of national standards of decency before them in order to make a determination as

to whether material is obscene. The United States Supreme Court in the Jacobellis case made its determination as to whether the film there reviewed was obscene under "national" community standards by viewing the film itself. It is our opinion that the trial judge could make a decision in the same manner.

After viewing the film ourselves, we state without hestitation that the trial judge did not err in finding it obscene, whether viewed by the standards of our local community or national standards. We have no doubt that its predominant appeal is to prurient interest in nudity and sex, and we feel certain that it would never have been brought from Sweden to this country had it not had in it the explicit sexual scenes, which its promoters, no doubt, thought would appeal to the prurient interests of persons in this country, to the profit of the promoters. If the film does not go substantially beyond the customary limits of candor in representing sexual matters, then there are no limits of candor in this country.

Appellants urge that the film communicates ideas of a political and social nature and cannot be said to be "utterly without redeeming social value." Our statute making the distribution of obscene material criminal provides that the material must be "utterly without redeeming social value" to come within the definition of obscenity. *Code Ann.* § 26-2101.

In Roth v. United States, 354 U. S. 476 (3c) (77 SC 1304, 1 LE2d 1498), the majority opinion of the United States Supreme Court stated: "All ideas having even the slightest redeeming social importance—unorthodox ideas, controversial ideas, even ideas hateful to the prevailing climate of opinion—have the full protection of the guaranties, unless excludable because they encroach upon the limited area of more important interests; but implicit in the history of the First Amendment is the rejection of obscenity as utterly without redeeming social importance."

Since the Roth decision many decisions have been written in this country expounding and enlarging upon the statement there made. In Memoirs v. Massachusetts, 383 U. S. 413, 419 (86 SC 975, 16 LE2d 1) in an opinion concurred in by less than a majority of the United States Supreme Court it was said: "A book cannot be proscribed unless it is found to be *utterly* without redeeming social value. This is so even though the book is found

to possess the requisite prurient appeal and to be patently offensive."

In Jacobellis v. Ohio, 378 U. S. 184 (3b), supra (in an opinion concurred in by two Justices) it was stated: "The constitutional status of allegedly obscene material does not turn on a 'weighing' of its social importance against its prurient appeal, for a work may not be proscribed unless it is 'utterly' without social importance."

The Criminal Code of Georgia makes penal a lewd performance in public, including an act of sexual intercourse and a lewd appearance in a state of nudity. *Code Ann.* § 26-2011 (Ga. L. 1968, pp. 1249, 1301). Such acts are prohibited, not because of the injury inflicted on other individuals, as in the case of murder or robbery, but because the acts are offensive to the majority of the people. If any semblance of civilization is retained in our country, the States must have standards of conduct permissible in public. There is little difference in the effect on the public between lewd conduct in public areas and lewd conduct explicitly performed on a motion picture screen for the viewing of the public.

In Roth v. United States, 354 U. S. 476, 485, supra, the court quoted from Chaplinsky v. New Hampshire, 315 U. S. 568, 571 (62 SC 766, 86 LE 1031), as follows: "There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene . . . It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. . ."

The film we have viewed offends all sense of decency, and the fact that it contains some non-obscene matter does not preclude a finding that, considering it as a whole, it is utterly without redeeming social value. We affirm the ruling of the trial court that the film is obscene.

■ The sixth enumeration of error contends that the State was estopped or precluded from prosecuting the present complaint because of a holding by the United States Court of Appeals, Second

Circuit, in the case of United States v. A Motion Picture Film Entitled "I Am Curious-Yellow," 404 F2d 196.

The majority opinion in that case held that the film was not obscene because its dominant theme was not sex, and that it was not utterly without redeeming social value. The courts of Georgia are not bound by this decision, and the trial judge did not agree with it. Nor do we. It was not error for the trial judge to refuse to follow the Federal court decision cited.

■ In the present case the district attorney did not bring a proceeding to determine whether he might seize the film as evidence in a criminal case, but brought an action for injunction against the showing of the film. In the second enumeration of error it is asserted that the court erred in enjoining appellants from showing or exhibiting the film.

We recognize the principle that equity will take no part in the administration of the criminal law. *Code* § 55-102. However, it has long been the rule in this State that the State has an interest in the welfare, peace, and good order of its citizens and communities, and that an action may be maintained at the instance of the prosecuting attorney to enjoin an existing or threatened public nuisance, even though the nuisance constitutes a crime punishable under the criminal laws. See: *Lofton v. Collins,* 117 Ga. 434 (3) (43 SE 708, 61 LRA 150); *Walker v. McNelly,* 121 Ga. 114 (1) (48 SE 718); *Edison v. Ramsey,* 146 Ga. 767 (92 SE 513); *Dean v. State,* 151 Ga. 371 (1) (106 SE 792, 40 ALR 1132); *Gullatt v. Collins,* 169 Ga. 538 (150 SE 825); *Rose Theatre, Inc. v. Lilly,* 185 Ga. 53 (1) (193 SE 866); *Atkinson v. Lam Amusement Co.,* 185 Ga. 379 (195 SE 156); *Forehand v. Moody,* 200 Ga. 166 (36 SE2d 321); *Norris v. Willingham,* 204 Ga. 441 (50 SE2d 22); *Thornton v. Forehand,* 211 Ga. 658 (87 SE2d 865); *Lee v. Hayes,* 215 Ga. 330, 331 (110 SE2d 624).

The exhibition of an obscene motion picture is a crime involving the welfare of the public at large, since it is contrary to the standards of decency and propriety of the community as a whole. The welfare of the whole community is served by restraining the showing of such an obscene film.

A court of equity was authorized to enjoin the exhibition of this obscene motion picture to the public.

■ The fourth enumeration of error alleges that the court erred in proceeding with the complaint in the absence of statutory standards, provision for jury trial, and other constitutional safeguards.

We have held in the preceding division that the complaint could be maintained in equity, and there is no merit in the contention that there are no statutory standards, provision for jury trial, and other constitutional safeguards.

The complaint sought temporary and permanent injunction. The trial judge, on interlocutory hearing without a jury, restrained and enjoined appellants from exhibiting the film. The order did not indicate that it was interlocutory in nature. Direction is therefore given that the order be amended to show that it is not a permanent injunction, but only one to continue in force until the final hearing of the case by a jury. *Unity Cotton Mills v. Dunson,* 131 Ga. 258 (62 SE 179).

■ The third enumeration of error alleges that the court erred in ordering the film seized as contraband. Material determined to be obscene, after due hearing, would be contraband and subject to seizure and destruction. It would be against public policy to return obscene material to the owner. However, the destruction of the film must await a final determination of the question of obscenity by a jury.

We therefore direct that the trial judge modify his order to show that no destruction of the film be made unless and until a final determination is made by the jury that it is obscene.

■ The fifth enumeration of error alleges that the court erred in refusing a continuance when no showing of urgency was made. Counsel made no contention that any particular witness could not be available for the hearing, but contended that he had not had time to prepare for it.

The film was being shown at the time of the hearing. This made it urgent that a determination of its obscenity be made immediately. The best evidence which could be obtained on the question of obscenity was the film itself, and the trial judge viewed the film before granting injunction. It was not an abuse of discretion to refuse a continuance to appellants.

■ There is no merit in the seventh enumeration of error, that

the court erred in holding that the penal provision regarding obscene material (*Code Ann.* § 26-2101) extends to the exhibiting of an obscene film to consenting adults.

Appellants cite Stanley v. Georgia, 394 U. S. 557 (89 SC 1243, 22 LE2d 542), in support of this contention. The Stanley case reversed a conviction for merely having possession of obscene material. It did not hold our statute prohibiting the exhibition of obscene material to be unconstitutional. The only purpose appellants had in possessing the film was to exhibit it to the public. The exhibition of such an obscene film to consenting adults is a crime in this State.

*Judgment affirmed with direction. All the Justices concur.*