26631. SLATON et al. v. PARIS ADULT THEATER I, et al.

ARGUED SEPTEMBER 15, 1971—DECIDED NOVEMBER 5, 1971—REHEARING DENIED NOVEMBER 18, 1971.

*Hinson McAuliffe, Solicitor, Thomas E. Moran, W. Baer Endictor, Thomas R. Moran,* for appellants.

*D. Freeman Hutton, Robert Eugene Smith,* for appellees.

HAWES, Justice. The appeal in this case is from the judgment and order of the Superior Court of Fulton County refusing a temporary injunction against the showing by the defendants, Paris Adult Theater No. I and Paris Adult Theater No. II, of two allegedly obscene motion pictures. Following the procedure approved by this court in *Evans Theatre Corp. v. Slaton,* 227 Ga. 377 (180 SE2d 712), and

followed in *Walter v. Slaton,* 227 Ga. 676 (182 SE2d 464), and in *1024 Peachtree Corp. v. Slaton,* 228 Ga. 102 (184 SE2d 144). Lewis R. Slaton, as District Attorney of the Atlanta Judicial Circuit, and Hinson McAuliffe, as Solicitor of the Criminal Court of Fulton County, filed a complaint against the theaters and named individuals praying for a rule nisi to require the defendants, to show cause on a date certain why the motion picture films, "It All Comes Out in the End," and "Magic Mirror," should not be declared obscene and subject to be seized, and seeking in each case an order requiring the defendants to produce the aforesaid motion picture films and that they be temporarily and permanently enjoined from exhibiting the same. The rule nisi was duly issued and served in each case, and an adversary hearing was held pursuant thereto on January 13, 1971, before a Judge of the Superior Court of Fulton County. The parties agreed to waive a jury trial and a preliminary hearing and stipulated that the judgment and order entered by the trial judge would be a final judgment and order in each case. After viewing the motion pictures and hearing the evidence, the trial judge rendered the following judgment. "The State contends that the motion pictures under review in the above actions are obscene. The titles of the films are, 'It All Comes Out in the End,' and 'Magic Mirror.' Assuming that obscenity is established by a finding that the actors cavorted about in the nude indiscriminately, then these films may fairly be considered obscene. Both films are clearly designed to entertain the spectator and perhaps, depending on the viewer, to appeal to his or her prurient interest. The portrayal of the sex act is undertaken; but the act itself is consistently only a simulated one if, indeed, the viewer can assume an act of intercourse or of fellatio is occurring from the machinations which are portrayed on the screen. Each of the films is childish, unimaginative, and altogether boring in its sameness.

"It appears to the court that the display of these films in a commercial theater, when surrounded by requisite notice to the public of their nature and by reasonable protection

against the exposure of these films to minors, is constitutionally permissible.

"It is the judgment of this court that the films, even though they display the human body and the human personality in a most degrading fashion, are not obscene.

"The actions against the defendants, therefore, are dismissed.

"This 12th day of April, 1971. Jack Etheridge, Judge, Superior Court of Fulton County, Atlanta Judicial Circuit."

The appeal is from this order. The grounds of enumerated error are that the court erred in declaring each of the films to be not obscene, in refusing to enjoin the defendant from exhibiting each of said motion pictures, and in dismissing the appellant's complaint against the defendants.

Appellees contend, and the judge of the superior court found that, inasmuch as the evidence in this case shows that the films which the solicitor seeks to seize are shown in a theater which carries on the front thereof the warning that it is for adults only and that "You must be 21 and able to prove it. If viewing the nude body offends you— Please Do Not Enter," the exhibition of the films in this context is permissible and that the State cannot, without violating first amendment rights, constitutionally prohibit it. They rely in support of this position upon the case of Stanley v. Georgia, 394 U. S. 557 (89 SC 1243, 22 LE2d 542), and other Federal and State cases following it. That case, however, is not authority for the position which appellees take. It dealt, not with the commercial distribution of pornography, but with the right of Stanley to possess, in the privacy of his home, pornographic films. In one of the most recent, if not *the* most recent, case decided by the Supreme Court of the United States dealing with this kind of material, that court has expressly limited the scope of Stanley and has thereby effectively answered this contention of the appellees. United States v. Reidel, 402 U. S. 351 (91 SC 1410, 28 LE2d 813). That case involved the distribution through the mails of an admittedly obscene publication in violation of 18 USC § 1461. The material was mailed to

recipients who responded to a newspaper advertisement which required the recipient to state in his order therefor that he was 21 years of age. Reidel was indicted, but the trial court granted his motion to dismiss the indictment and, upon review, the Supreme Court, in reversing that judgment, reiterated the ruling in Roth v. United States, 354 U. S. 476 (77 SC 1304, 1 LE2d 1498), that "obscenity is not within the area of constitutionally protected speech or press." In so ruling, the Supreme Court expressly held that the government could constitutionally prohibit the distribution of obscene materials through the mails, even though the distribution be limited to willing recipients who state that they are adults, and, further, that the constitutional right of a person to possess obscene material in the privacy of his own home, as expressed in the Stanley case, does not carry with it the right to sell and deliver such material. As we view the holding in the Reidel case, it is dispositive of the appellees' contention, and the ruling of the trial court that the showing of these films in a commercial theater under the circumstances shown in this case is constitutionally permissible. The defendants in this case were making sales and delivery of the films involved in the only practical way in which it could be done, that is, by selling to the public the right to come into their theater and view the showing of such films. No reason exists why the sale and delivery of these films should be immune to State control any more than the sale and delivery of multiple copies of an obscene book, pamphlet or magazine. Those who choose to pass through the front door of the defendant's theater and purchase a ticket to view the films and who certify thereby that they are more than 21 years of age are willing recipients of the material in the same legal sense as were those in the Reidel case, who, after reading the newspaper advertisements of the material, mailed an order to the defendant accepting his solicitation to sell them the obscene booklet there. That case clearly establishes once and for all that the sale and delivery of obscene material to willing adults is not protected under the first amendment.

Appellee also contends, and the trial judge so found, that the sexual activity depicted in these films is merely simulated, and that, being such, it is not obscene. This contention we unhesitatingly and utterly reject. True, the activity in the films here involved is not revealed in the explicit detail embodied in the films in *Walter v. Slaton,* 227 Ga. 377, supra. But, we held in the *Evans Theater* case that, "I Am Curious Yellow," depicted hard core pornography. In that case, only simulated sexual activity was involved. The films in this case leave little to the imagination. It is plain what they purport to depict, that is, conduct of the most salacious character. We hold that these films are also hard core pornography, and the showing of such films should have been enjoined since their exhibition is not protected by the first amendment.

*Judgment reversed. All the Justices concur.*