SWANN, Chief Judge.
Defendants appeal from a permanent injunction issued pursuant to § 847.011(7), Fla.Stat., F.S.A.
On appeal defendants argue that Florida obscenity statute [§ 847.011, F.S.] is unconstitutional. ' This argument has been rejected by the Supreme Court of Florida in Mitchem v. State ex rel. Schaub, Fla.1971, 250 So.2d 883. See also Mitchum v. State, Fla.App.1971, 251 So.2d 298.
Defendants also seek reversal because they claim they were denied a jury trial on the issue of obscenity and because the trial court did not require the state to prove certain magazines obscene beyond and to the exclusion of every reasonable doubt. An examination of the record shows defendants never properly requested a jury trial in this proceeding. R.C.P. 1.430(b), 30 F.S.A. In addition, a defendant is ordinarily not entitled to a jury trial in an action in equity which seeks an injunction to abate a nuisance, and the statute under which this action was brought specifically authorizes the Circuit Court *914 Judge to grant such an order. See § 847.011(7) (a, b and c) Fla.Stat., F.S.A.
It is not necessary, in our opinion, to prove claims in an action seeking equitable relief under § 847.011(7) Fla.Stat., F. S.A., beyond and to the exclusion of every reasonable doubt but only by a preponderance of the evidence. See Kahm v. United States, 300 F.2d 78 (5 Cir. 1962), cert. den. 369 U.S. 859, 82 S.Ct. 949, 8 L.Ed.2d 18. We find no error under these two claims of the defendants.
Defendant’s assertion that a special assistant attorney general does not have any legal authority to file a complaint and litigate a civil case under Chapter 847.011 is without merit as the complaint herein reveals the signature of Richard E. Gerstein, State Attorney of the Eleventh Judicial Circuit of the State of Florida. See also Jerry v. State, Fla.1930, 99 Fla. 1330, 128 So. 807.
Defendants attack a notice to produce as "vague, ambiguous and overbroad” and says the permanent injunction issued as a result thereof should be reversed. The “Notice to Produce” challenged herein was not an order of the trial court but was simply a notice filed by plaintiff. Defendants voluntarily complied with the notice and produced the requested materials. We hold that the Notice to Produce was not a court order and there has been no judicial action by the trial court in this regard which we could, or should, review.
Defendants assert the permanent injunction is invalid because it issued solely on the basis of two magazines which were introduced into evidence. We hold defendants invited this error, if any there be, by advising the court “I respectfully request you convert that temporary restraining order into a final order without further hearing.” The trial court also found these magazines to be autoptically pornographic in violation of Fla.Stat., F.S.A. § 847. See Collins v. State Beverage Department, Fla.App. 1970, 239 So.2d 613.
Finally, defendant says the permanent injunction was too broad, vague and ambiguous and is, therefore, invalid. This permanent injunction did not prohibit the sale of “obscene” literature. It named specifically eleven different displays, poses, or actions which defendants were prohibited from selling, distributing, or advertising. We have examined the permanent injunction and are of the opinion that it is sufficiently specific to direct defendants as to what they are required to do under its requirements. 17 Fla.Jur. Injunctions § 83.
The permanent injunction is, therefore,
Affirmed.