No. 73–1161. PARIS ADULT THEATRE I ET AL. *v.* SLATON, DISTRICT ATTORNEY, ET AL. Sup. Ct. Ga. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state ban on obscenity is prohibited by the First Amendment, made applicable to the States by the Fourteenth (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (1973) (DOUGLAS, J., dissenting)), would grant certi-

orari and reverse the judgment below. Reported below: 231 Ga. 312, 201 S. E. 2d 456.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Respondents, the local state district attorney and solicitor for the local state trial court, filed civil complaints seeking to enjoin petitioners, Atlanta, Georgia, movie theaters and their owners and managers, from exhibiting two allegedly obscene films, in violation of Georgia Code Ann. § 26–2101 (1972). That section provides, in relevant part:

"(a) A person commits the offense of distributing obscene materials when he sells, lends, rents, leases, gives, advertises, publishes, exhibits or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof, or who offers to do so, or who possesses such material with the intent so to do . . . .

"(b) Material is obscene if considered as a whole, applying community standards, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and utterly without redeeming social value and if, in addition, it goes substantially beyond customary limits of candor in describing or representing such matters. . . .

. . . . .

"(d) A person convicted of distributing obscene material shall for the first offense be punished as for a misdemeanor, and for any subsequent offense shall be punished by imprisonment for not less than one nor more than five years, or by a fine not to exceed $5,000, or both."

The trial judge dismissed respondents' complaints, but the Georgia Supreme Court reversed. 228 Ga. 343, 185

S. E. 2d 768 (1971). This Court vacated the State Supreme Court's judgment and remanded the case for further proceedings. 413 U. S. 49 (1973). On remand, the Georgia Supreme Court affirmed its original decision reversing the trial court and directing the trial court to enter an order enjoining the exhibition of the films.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Id.*, at 113 (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 26–2101 is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California*, 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Georgia Supreme Court was rendered after *Miller*, reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York*, 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the petitioners did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test.

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

Petitioners have thus not been provided the independent judicial review to which the Court held them entitled in *Jenkins*.

Finally, it does not appear from the petition that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante,* p. 141, I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their case decided on, and to introduce evidence relevant to, the legal standard upon which the injunction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded a new trial under local community standards.