370 So.2d 1137 (1979)
The LADOGA CANNING CORPORATION, Etc., Appellant,
v.
Sydney H. McKENZIE, III, Etc., Appellee.
L & P ENTERPRISES, INC., Etc., Appellant,
v.
Sydney H. McKENZIE, III, etc., Appellee.
Nos. 53505, 53506.
Supreme Court of Florida.
May 3, 1979.
*1138 Bruce L. Randall, Fort Lauderdale, for appellants.
Sydney H. McKenzie, III, in pro per.
Philip S. Shailer and Thomas J. Ansbro, Jr., Fort Lauderdale, for appellee.
Terry L. DeMeo, South Miami, Richard Yale Feder, Miami, and M. David Gelfand, pro hac vice, Coral Gables, for American Civil Liberties Union Foundation of Florida, Inc., amicus curiae.
SUNDBERG, Justice.
The issue in this case is whether the entry of an injunction pursuant to section 847.011(8), Florida Statutes (1977), restraining a bookseller in futuro from disseminating any printed materials or other merchandise which violate the provisions of section 847.011(1)(a), Florida Statutes (1977), absent a judicial determination that the particular materials or merchandise are obscene, constitutes an impermissible prior restraint proscribed by the first amendment to the United States Constitution.
Appellants are operators of "adult" bookstores located in the City of Fort Lauderdale. Appellee, as city attorney for the *1139 City of Fort Lauderdale, instituted civil proceedings against appellants in the Circuit Court for Broward County, Florida, by filing a complaint seeking injunctive relief pursuant to section 847.011(8), Florida Statutes (1977). In each case appellee submitted eight magazines which had been purchased at appellants' stores on various occasions by a Fort Lauderdale police officer. Appellee requested a determination that the eight magazines were obscene and an injunction to bar their sale or distribution. He further sought to enjoin the dissemination of any other printed materials or other merchandise which violated the provisions of section 847.011(1)(a).[1]
Appellants filed identical motions to dismiss appellee's complaints, arguing, in relevant part, that: (1) the injunctive relief sought constituted a prior restraint upon the dissemination of materials which had not been judicially determined to be obscene, in contravention of the first amendment to the United States Constitution; and (2) that the injunction requested did not refer to any specific material and, therefore, was vague and overbroad.
After hearings, the respective circuit judges denied appellee's motions to dismiss. In identical orders granting temporary injunctions, the judges held section 847.011 constitutional on its face and as applied to appellants. Further, the eight magazines submitted by appellee were found to be obscene and their continued sale or distribution was enjoined until final hearing or further order of the courts. Appellants were also directed to refrain from selling or offering for sale any printed materials which violated the provisions of section 847.011(1)(a). After a second hearing, orders granting permanent injunctions were entered by the circuit judges, which were identical in all material respects to the previously entered orders granting temporary injunction.
Appellants appealed to this Court, raising the issues previously considered in their motions to dismiss below. Because the orders of the circuit judges directly and initially ruled upon the constitutionality of section 847.011, Florida Statutes (1977), we have jurisdiction. Art. V, § 3(b)(1), Fla. Const.[2]
Appellants properly concede that the utilization of civil injunctive proceedings to control the dissemination of obscene materials is not unconstitutional per se. See McKinney v. Alabama, 424 U.S. 669, 96 S.Ct. 1189, 47 L.Ed.2d 387 (1976); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). Further, this Court has confirmed the facial validity *1140 of section 847.011, Florida's civil injunction statute relating to obscene materials. Johnson v. State, 351 So.2d 10 (Fla. 1977); State ex rel. Gerstein v. Walvick Theatre Corp., 298 So.2d 406 (Fla. 1974); State v. Papp, 298 So.2d 374 (Fla. 1974).
Appellants argue, however, that section 847.011 has been unconstitutionally applied in the case at bar. This is so because, in addition to proscribing sale of the eight magazines which the circuit court found to be obscene, the injunctions also prohibited the distribution of "other printed materials which violate the provisions of Florida Statute 847.011(1)(a)." These "other printed materials" were not specifically identified in the court orders, nor was the issue of their alleged obscenity determined by the court prior to issuance of the injunctions. Rather, the orders set forth the test for obscenity enunciated in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 513 (1973), and enjoined the sale or offer for sale of materials which depicted eleven specific actions or poses, apparently finding that materials depicting this specific conduct were obscene under the Miller standard. Appellants submit that the injunctions, as written, constitute an impermissible prior restraint upon first amendment expression. We agree.
While we intimate no judgment with respect to the status of the eight magazines which the circuit judges found to be obscene,[3] we conclude that the civil injunction process as to the balance of the materials mentioned in the orders was not conducted in a procedurally proper manner. The injunctions afforded appellants inadequate notice of what "other printed materials" fell within their ambit. Further, these unspecified materials were not judicially declared to be obscene prior to the issuance of the injunctions restraining their dissemination. Consequently, with the exception of that portion of the orders relating to the eight specific magazines, the injunctions are violative of appellants' first amendment rights. Appellee argues that inclusion of the Miller standard for obscenity and recitation of the eleven actions or poses which the lower courts determined were obscene under that standard sufficed to protect these constitutional rights of appellants. In support of his position appellee cites For Adults Only, Inc. v. State ex rel. Gerstein, 257 So.2d 912 (Fla.3d DCA 1972), wherein the District Court of Appeal, Third District, upheld a blanket injunction similar to the ones before us:
[D]efendant says the permanent injunction was too broad, vague and ambiguous and is, therefore, invalid. This permanent injunction did not prohibit the sale of "obscene" literature. It named specifically eleven different displays, poses, or actions which defendants were prohibited from selling, distributing, or advertising. We have examined the permanent injunction and are of the opinion that it is sufficiently specific to direct defendants as to what they are required to do under its requirements.
Id. at 914. The error of this holding is demonstrated by the other case upon which appellee relies to support the validity of his injunctions  the decision of the United States Supreme Court in Miller v. California. The Miller Court made it clear that the portrayal of sexual conduct, without more, does not render a publication obscene. The determination of obscenity must be based upon an examination of the work as a whole, rather than of isolated passages. Accord, Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Consequently, we must disapprove the above-quoted holding of the district court in For Adults Only, Inc. v. State ex rel. Gerstein as being in irreconcilable conflict with these decisions of the United States Supreme Court.
Appellee alternatively contends that the "other printed materials" were identified with the requisite precision and a prior express determination with respect to their status was not required because the eight magazines which were judicially determined *1141 to be obscene were representative of other materials sold by appellants. This Court rejected a similar argument in Mitchem v. State ex rel. Schaub, 250 So.2d 883 (Fla. 1971), and invalidated a blanket injunction prohibiting the sale of "`obscene or pornographic publications in violation of F.S.A. 847.011'":
[W]e also find that the presentation of Exhibits 1, 2 and 3 below as "representative" of the contents of the Store was deficient... . Unless a defendant is willing to stipulate that particular exhibits are absolutely representative of the stock offered the public, one copy of each item sought to be suppressed must be entered into evidence.
250 So.2d at 886 (citations omitted). Appellee has conceded that appellants made no such stipulation in the court below.
Appellee finally posits that the injunctions enabled appellants to discern which materials fell within their ambit. Thus, appellants could separate from their inventories those publications which contained the enumerated actions or poses and then, applying the Miller standard, decide whether they were obscene when taken as a whole. This argument, however, is not consistent with the mandates of our organic document. Only a judicial determination that the works sought to be enjoined are in fact obscene, and an injunction specifically and solely directed to those publications, will effect a constitutionally permissible balance between the first amendment protections concerning the distribution of published materials and the right of a state to regulate obscene materials. As reflected in the concurring opinion of Mr. Justice Brennan in McKinney v. Alabama, 424 U.S. 669, 96 S.Ct. 1189, 47 L.Ed.2d 387, the burden of self-censorship cannot be placed upon the bookseller:
"Instead of requiring the bookseller to dread that the offer for sale of a book may, without prior warning, subject him to a criminal prosecution with the hazard of imprisonment, the civil procedure assures him that such consequences cannot follow unless he ignores a court order specifically directed to him for a prompt and carefully circumscribed determination of the issue of obscenity." Kingsley Books, Inc. v. Brown, 354 U.S. 436, 442 [, 77 S.Ct. 1325, 1328, 1 L.Ed.2d 1469, 1474] (1957). "[S]uch a procedure provides an exhibitor or purveyor of materials the best possible notice, prior to any criminal indictments, as to whether the materials are unprotected by the First Amendment and subject to state regulation." Paris Adult Theatre I v. Slaton, supra, 413 U.S. at 55 [93 S.Ct. at 2634, 37 L.Ed.2d at 455]
.....
... A civil procedure that complies with the commands of the First Amendment and due process may serve the public interest in controlling obscenity without exposing the marketer to the risks and the stigma of a criminal prosecution, and thus protect, by minimizing the risk of marketer self-censorship, the right to the free publication and dissemination of constitutionally protected literature.
424 U.S. at 679, 683, 96 S.Ct. at 1195, 1197. To require appellants to guess at their peril which of their publications are not obscene under the criteria set forth in the injunctions results in a chilling effect upon their first amendment freedoms which will not be countenanced by our Constitution.
It is well established that obscenity is not afforded protection by the first amendment and is properly subject to regulation by the state under section 847.011. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 513; Johnson v. State, 351 So.2d 10 (Fla.). However, the right of the bookseller to a prior judicial determination of the status of and a clear identification of each item whose distribution is sought to be enjoined may not be circumvented through either a blanket injunction which prohibits, in essence, the sale of "all obscene materials" or which places the burden of making this determination upon the vendor. Moreover, because the test for obscenity requires that the finding be based upon the work taken "as a whole," a publication may not be suppressed merely because it contains certain poses or actions.
*1142 Approval of this overly broad portion of these orders would place the imprimatur of this Court upon an unconstitutional application of section 847.011, Florida Statutes (1977). That we will not do. If appellee wishes to prevent the distribution of appellants' materials which are in fact obscene, he may utilize the proper judicial procedures, thereby effecting a constitutionally permissible balance between the first amendment protections of the sellers and the right of the state to regulate obscene materials.
Accordingly, with the exception of that portion of the orders finding the eight exhibits to be obscene and enjoining their sale, the orders granting permanent injunctions issued by the Circuit Court for Broward County, Florida, are dissolved, the circuit court rulings as to the constitutional application of section 847.011, Florida Statutes (1977), are reversed, and these causes are remanded to that court for proceedings not inconsistent with this opinion. Further, the decision of the District Court of Appeal, Third District, in For Adults Only, Inc. v. State ex rel. Gerstein, 257 So.2d 912, is hereby disapproved to the extent of its inconsistency with the decision of this Court today.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents.
NOTES
[1] § 847.011(1)(a), Fla. Stat. (1977), provides:

A person who knowingly sells, lends, gives away, distributes, transmits, shows or transmutes, or offers to sell, lend, give away, distribute, transmit, show or transmute, or has in his possession, custody, or control with intent to sell, lend, give away, distribute, transmit, show, transmute, or advertise in any manner, any obscene, lewd, lascivious, filthy, indecent, sadistic, or masochistic book, magazine, periodical, pamphlet, newspaper, comic book, story paper, written or printed story or article, writing, paper, card, picture, drawing, photograph, motion-picture film, figure, image, phonograph record, or wire or tape or other recording, or any written, printed, or recorded matter of any such character which may or may not require mechanical or other means to be transmuted into auditory, visual, or sensory representations of such character; or any article or instrument of indecent use, or purporting to be for indecent use or purpose; or who knowingly designs, copies, draws, photographs, poses for, writes, prints, publishes, or in any manner whatsoever manufactures or prepares any such material, matter, article, or thing of any such character, or who knowingly writes, prints, publishes, or utters, or causes to be written, printed, published, or uttered, any advertisement or notice of any kind, giving information, directly or indirectly, stating, or purporting to state, where, how, of whom, or by what means any, or what purports to be any, such material, matter, article, or thing of any such character can be purchased, obtained, or had; or who in any manner knowingly hires, employs, uses, or permits any person to do or assist in doing, either knowingly or innocently, any act or thing mentioned above, is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. A person who, after having been convicted of a violation of this subsection, thereafter violates any of its provisions, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Pursuant to Fla.R.Jud.Admin. 2.030(a)(2)(B)(ii), these cases have been consolidated for the purpose of appellate review.
[3] Because appellants have not assailed the correctness of the trial judge's finding that these eight magazines are obscene, that issue is not preserved for review on appeal.