JORGENSON, Judge,
concurring.
I write separately only to suggest that trial courts should consider the use of a jury in proceedings of this nature.
While a defendant ordinarily is not entitled to a jury trial in an action in equity which seeks an injunction, For Adults Only, Inc. v. State ex rel. Gerstein, 257 So.2d 912 (Fla. 3d DCA 1972), cert. denied, 292 So.2d 592 (Fla.1974), disapproved on other grounds, Ladoga Canning Corp. v. McKenzie, 370 So.2d 1137, 1140 (Fla.1979), it is within the trial court’s discretion to permit a jury to decide the issues in a case involving equitable relief. Berg v. New York Life Insurance Co., 88 So.2d 915 (Fla.1956); Sanitary Linen Service Co. v. Executive Uniform Rental, Inc., 270 So.2d *1030 432 (Fla. 3d DCA 1972); St. Sophia Greek Orthodox Community v. Vamvaks, 213 So.2d 313 (Fla. 3d DCA 1968). Cases in which contemporary community standards are applied to facts in controversy are particularly suitable for juries because “[a] jury represents a cross-section of the community and has a special aptitude for reflecting the view of the average person.” McKinney v. Alabama, 424 U.S. 669, 688, 96 S.Ct. 1189, 1199-1200, 47 L.Ed.2d 387, 401 (1976) (Brennan, J., concurring) (quoting Kingsley Books, Inc. v. Brown, 354 U.S. 436, 448, 77 S.Ct. 1325, 1331, 1 L.Ed.2d 1469, 1478 (1957) (Brennan, J., dissenting)). The use of a jury in this case would have obviated the necessity of the introduction of testimony defining contemporary community standards. Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590, reh’g denied, 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446, reh’g denied, 414 U.S. 881, 94 S.Ct. 27, 38 L.Ed.2d 128 (1973), cert. denied, 418 U.S. 939, 94 S.Ct. 3227, 41 L.Ed.2d 1173, motion for leave to file petition for reh’g denied, 419 U.S. 887, 95 S.Ct. 163, 42 L.Ed.2d 133 (1974); Golden Dolphin No. 2, Inc. v. State, Division of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981).